SAMUEL, Judge.
This is a suit by the driver of an automobile for personal injuries arising out of a collision between his car and a bus owned by the defendant and operated by the defendant’s employee. Defendant’s answer dénied negligence on its part, alleged that the sole cause of the accident was the negligence of the plaintiff and, alternatively, pleaded contributory negligence on the part of plaintiff. The plaintiff has appealed from a judgment holding no negligence on the part of the defendant and dismissing the suit.
A similar suit arising out of the same accident was filed against the same defendant by a guest passenger, Robert Lee Otis, and the two cases were consolidated for trial. We have this day handed down an opinion and decree in the Otis case [Otis v. New Orleans Public Service, Inc.], La.App., 127 So.2d 197.
The facts which are either uncontradict-ed or proved beyond any question are as follows: ,'C
The collision occurred between two and three o’clock in the morning at the intersection of Florida Avenue and Degire Street in the City of New Orleans. There is an open canal on the south side of Florida Avenue. The bus was on Desire traveling in the direction of Florida and had stopped 10 or 15 feet from the corner of Florida. After discharging several passengers the bus proceeded to make a right-hand turn into Florida. In order to negotiate this maneuver it was necessary for the bus to make, and it did make, a wide, sweeping turn. The bus then came to a stop with the back part thereof still in Desire Street and the front near the middle of Florida Avenue. The plaintiff car was traveling on Florida in the direction of Desire. The right front of the plaintiff car struck the right front of the bus. All of the bus lights were lit. Both the plaintiff and his passenger were seriously injured as a result of the accident and both were rendered unconscious and did not regain consciousness until some time after being hospitalized.
Contradictions in the balance of the testimony make it necessary for us to discuss some of that testimony in detail.
The plaintiff testified that he and his passenger were returning from a visit to the mother of one of them and were traveling at a speed of 25 to 30 miles per hour. He first saw the bus when it was only 20 to 25 feet away. He was unable to turn to his right because of the canal and therefore swerved to his left and put on the brakes but could not avoid the collision.
*201 The passenger, Otis, testified that he did Hot see the bus until it was only 25 feet away but admitted that he was not looking ahead before he saw the bus. He denied that he had been drinking.
Another plaintiff witness, Benoit, testified that he is the operator of a night club in the area and at the time of the accident was going to obtain “change”. He was walking on Desire Street towards the river and saw the accident occur. According to him, the bus turned into Florida Avenue at a high rate of speed, 20 to 30 miles an hour, and took up all of Florida Avenue when the plaintiff car was only about 25 feet away. Plaintiff’s car at the time was traveling in a straight line on its proper side of Florida at a speed of 20 to 25 miles an hour.
Cormier, a defense witness, was returning from a date and walking on the Florida Avenue sidewalk towards Desire Street. He was a little less than a block from Desire when he saw the bus negotiating its turn at a speed of about 5 miles per hour. His attention was attracted to the plaintiff car when he heard it strike a curb about 75 feet behind him. The car was traveling about 60 to 65 miles per hour and zigzagging. It next struck the curb on the river side of Florida about 25 feet in front of him, after which it ran into the bus which had already come to a stop.
Another defense witness, the driver of the bus, testified that after discharging passengers he had proceeded to make his turn into Florida Avenue. He made the turn at a speed of about 6 to 8 miles per hour, it being impossible to make the turn any faster with the heavy bus. He saw the plaintiff car approaching at what appeared to him to be a normal speed and in a normal manner about two blocks away. After briefly glancing to his left to check on traffic in that direction, he looked again to his right and on that second occasion observed the plaintiff car traveling at a high rate of speed in excess of 40 or 45 miles an hour and zigzagging from left to right. The car hit the curbs twice (once on each side of Florida) and appeared to be out of control. The witness stopped his bus when the car was about 75 or 80 feet away.
It was stipulated by counsel that a Mr. Vollenweider, a brake inspector for the City of New Orleans and the man who investigated the accident for the police, who was sick at the time of the trial, if present in court, would testify in the manner set forth in his report to the City of New Orleans Police Department, which report was filed in evidence. The most important part of this report is that it shows skidding by the plaintiff automobile for a distance of 150 feet.
In addition, the Charity Hospital record of the plaintiff’s admission and treatment, introduced in evidence, shows:
“Present illness — The patient was drinking ‘heavily’ and was driving the car when he had a wreck.”
And the Charity Hospital record of Otis, the guest passenger, also introduced in evidence, reads:
“Also apparently had been drinking —odor alcohol on breath. Hard to arouse.”
The trial court found that the bus driver was not guilty of any negligence in commencing his turn. Obviously the court did not believe the pertinent testimony of plaintiff and his witnesses, particularly Benoit, and did believe the defense testimony. Equally obviously he was of the opinion that the bus would have had sufficient time to complete its turning maneuver had the plaintiff been traveling at a reasonable speed and in a reasonable manner and that the bus driver could not have anticipated the danger until it was too late for him tQ do anything except stop the bus. We do not necessarily disagree but, because the negligence of the plaintiff is so obvious, prefer to base our decree on contributory negligence.
Arguendo, even if there had been negligence on the part of the bus driver, there- *202 can be no question but that the plaintiff was guilty of contributory negligence. We are satisfied that he was intoxicated to a point which seriously affected his ability to drive safely (the notation of his drinking made by the medical personnel at the hospital, persons interested only in his physical condition, is sufficient proof of this) and that he was driving at a dangerously high rate of speed, without keeping a proper lookout, zigzagging from one side of the highway to the other with his car largely Out of control. His testimony to the effect that he did not see this well-lighted bus until he was only 20 to 25 feet away from it, when considered together with the fact that his car actually skidded 150 feet, is an exceedingly strong indication of the manner in which that testimony fails to correctly reflect the actual occurrence. He was not only negligent; he was grossly negligent and reckless. If his driving was not the sole cause of the accident, it certainly constituted contributory negligence which was a proximate cause of that accident and bars his recovery.
For the reasons assigned the judgment appealed from is affirmed, all costs to be paid by plaintiff-appellant.
Affirmed.