182 So.2d 165 (1966)
Raleigh VIATOR, Plaintiff-Appellant,
v.
GRAIN DEALERS MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 1597.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
Rehearing Denied February 7, 1966.
*166 Dugas, Bertrand & Smith, by J. Nathan Stansbury, Lafayette, for plaintiff-appellant.
Mouton, Champagne & Colomb, by George Champagne, Jr., Lafayette, Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, for defendants-appellees.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
TATE, Judge.
A guest passenger sues to recover for personal injuries. We have previously overruled a motion to dismiss his appeal from judgment denying him recovery. La. App., 178 So.2d 378.
The plaintiff Viator was injured while riding in a car driven by Hamilton. Hamilton's car collided in the center of the road with another driven by Racca. The plaintiff does not question the trial court's finding that the collision occurred through the joint negligence of Hamilton and Racca, the two drivers.
On appeal, the plaintiff Viator solely attacks the trial court's holding that, in this suit against Racca's insurer, Viator's recovery is barred because to Viator's knowledge at the time of the accident his own driver Hamilton was driving while intoxicated. The plaintiff urges that, although drinking beers has been proved, the preponderance of the evidence does not show that such drinking had impaired his driver Hamilton's faculties to the extent that alcohol-induced negligence was a proximate cause of the collision.
*167 The following legal principle is applicable: When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver's condition and nevertheless voluntarily rides with him cannot recover for injuries received in an accident caused in whole or in part by the driver's negligence if the alcohol-induced impairment of the driver's ability is a substantial contributory cause of the driver's negligence. Under such circumstances, the passenger's recovery is barred not only against his host driver but also against third persons whose negligence contributed to the accident, provided that the host driver's intoxicant-caused negligence contributed to the accident.
See: Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50; Otis v. New Orleans Public Service, Inc., La.App. 4 Cir., 127 So. 2d 197, Noted 22 La.L.Rev. 275 (1961) (critical of result insofar as knowledge of driver's negligence bars recovery not only against driver but also against negligent third persons). See also: Bennett v. Traders & General Ins. Co., La.App. 3 Cir., 170 So.2d 392; Dowden v. Bankers Fire & Marine Ins. Co., La.App. 2 Cir., 124 So.2d 254; Prosser on Torts (3d ed., 1964) Section 64 at p. 434, Section 67, pp. 450 et seq.
The evidence shows that the plaintiff Viator, his driver Hamilton, and another companion, had been drinking together for at least four hours before their car collided in the center of the roadway with Racca's vehicle at three o'clock in the morning.
The plaintiff contends that, although the driver Hamilton was undoubtedly negligent, the proof does not show that such negligence resulted from any material impairment of Hamilton's faculties through his drinking. He points out that all three companions testified that Hamilton was not under the influence of the six or eight or ten beers each they admitted drinking together; that the investigating state trooper did not, for instance, cite Hamilton for driving under the influence of intoxicants; and that the trial court, while finding that Hamilton had had too much to drink, did not make any express finding that the drinking had impaired Hamilton's driving ability to the extent that it was a substantial causal factor of the accident.
The plaintiff correctly contends that a passenger's recovery is not barred simply because to his knowledge his driver had overindulged in drink; and that in addition it must be proved not only that to the passenger's knowledge the overindulgence had impaired the driver's faculties, but also that such impairment was a substantial causal factor of the driver's negligence. See, e. g., cited Bennett case at 170 So.2d 395, cited Dowden case at 124 So.2d 260. Whether recovery is denied upon a theory of independent contributory negligence or instead of assumption of the risk, in either event the basis of barring recovery is that the passenger voluntarily or negligently exposed himself to the foreseeable risk of injury which indeed resulted in the accident, namely, the imprudent operation of the vehicle by his driver due to the impairment of the latter's faculties because of overindulgence in intoxicants. See Note, 22 La.Law Rev. 275 (1961) and Prosser, cited above.
Despite the exceptionally able argument of appellant's counsel, we think that the defendant has preponderantly proved that Viator's recovery should be denied because of his independent contributory negligence in the respects alleged. Even the self-serving evidence of three companions, upon whose credibility the trial court unfavorably commented, indicates that the three men had done considerable drinking in their journey from bar to bar before the accident. The trial court further commented upon "their lack of sobriety at the time of the collision" and concluded, after reciting the details of the drinking, "certainly, no one capable of exercising sound judgment would have continued to ride with a driver like Hamilton under these circumstances." Tr. 193.
*168 Although there was no express trial finding to such effect, in our opinion the preponderance of the evidence in the record proves not only that the plaintiff Viator knew or should have known of Hamilton's alcohol-impaired condition, but also that Hamilton's action in driving in the center of the road and being involved in a headon collision with a car approaching from the opposite direction (likewise driven by another intoxicated driver) resulted from Hamilton's negligent operation, observation, or misjudgment substantially caused by the impairment of his faculties resulting from drink.
Accordingly, the judgment of the trial court dismissing the plaintiff-appellant's suit is affirmed at his cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.