HARDY, Judge.
Plaintiff brought this suit for the recovery of damages for personal injuries sustained in an automobile accident while riding as a guest passenger of defendant’s insured. From judgment rejecting plaintiff’s demands he has appealed.
The accident occurred about 3 :00 A.M. of February 15, 1964, on Highway 80, a few miles east of Gibsland, when Carl Wright, owner and driver, lost control of his automobile, causing the vehicle to leave the highway and plunge into the roadside ditch. Plaintiff alleges a number of grounds of negligence against the host driver directly related to the loss of control of the vehicle. Defendant primarily relies upon the contributory negligence of plaintiff in voluntarily riding with an automobile driver who was intoxicated to such a degree that he was not in complete possession of his faculties, which intoxication so affected his operation of the automobile as to result in the occurrence of the accident. Defendant further urged the defenses of joint venture and assumption of risk.
Plaintiff, Thomas E. Wright, and his first cousin, Carl T. Wright, were the only witnesses to the occurrence of the accident, as *800 well as the events which took place over a period of several hours immediately preceding the accident. In many respects the testimony of these witnesses is unsatisfactory, vague and contradictory. Plaintiff testified that he went to the home of Carl Wright between 8:30 and 9:00 P.M. on February 14th and that after he and Carl drank a can of beer each they left the house for the ostensible purpose of going to the Pak-A-Sak store to purchase some cigarettes for Mrs. Carl Wright, who, however, testified that she did not recall such a purpose for this errand. After leaving the house the Wrights went to a bar known as the Red Barn where they each drank one or two beers; they then drove to a subdivision near the Barksdale Air Force Base to look at a house and then decided to drive to Monroe for the purpose of requesting Carl’s stepmother to finance the building of a house for Carl Wright, the construction of which was to be supervised by Thomas Wright, a skilled carpenter. According to the testimony of both of the Wrights they stopped at a Pak-A-Sak and purchased a six-pack carton of beer just before 11:00 o’clock P. M. The testimony of these witnesses differs as to the place of purchase, one testifying that it was made at a Pak-A-Sak store in Shreveport and the other that it was made at a Pak-A-Sak store near, the Barks-dale Air Force Base in Bossier Parish, several miles distant. In any event, it is the testimony of both witnesses that they left Bossier City on their trip to Monroe at approximately 11:00 P.M. The accident occurred, as above noted, at a point approximately SO miles distant some four hours later. The accident happened during a hard rain when one or both of the right wheels of the automobile dropped off of the edge of the pavement onto the soft shoulder of the highway at a point where the road made a sharp curve. In an attempt to regain control of the vehicle the driver swung the car sharply to the left, lost control and the vehicle came to rest in a ditch on the left side of the highway.
 Considerable effort was expended by counsel for the parties litigant during trial of the case and substantial portions of their arguments before the court and in briefs have been devoted to the attempt to show how many beers were actually consumed prior to the occurrence of the accident We can perceive no real purpose to be served by an attempt to determine whether four or five or more beers were consumed, in view of the fact that the positive testimony of the State Trooper, who investigated the accident shortly after its occurrence and who testified as a witness for plaintiff, eliminates any doubt as to the question of intoxication. This witness tes-^ tified, without equivocation, that both Thomas and Carl Wright were “under the influence” and that if another vehicle had been involved in the accident it would have been necessary for him to prefer charges against the driver, Carl Wright. In view of this testimony, the conclusion is inescapable that Carl Wright was under the influence of intoxicating liquor. Nor can there be any basis for a contention that plaintiff was unaware of this fact. Additional support as to his knowledge of the driver’s condition is found in plaintiff’s own testimony that immediately after the accident he requested the driver to throw away the two unopened cans of beer remaining from the supply they had allegedly purchased prior to leaving Bossier City.
It must further be concluded that the driver’s negligence which resulted in the loss of control of the automobile was attributable to the effects of intoxication. The record fails to support any other premise which could be accepted as a reasonable explanation.
It is well established that a guest passenger is barred from recovery for injuries resulting from the negligence of his host driver attributable to effects of intoxicants when such condition was known, or should have been known, to the guest passenger. The rule, supported by abundant authority set forth in the opinion, has been *801 clearly reiterated in the recent case of Viator v. Grain Dealers Mutual Insurance Co. (3rd Cir., 1966), 182 So.2d 165.
We find no error in the judgment of the district court, which was supported by written reasons, and, accordingly, the judgment appealed from is affirmed at appellant’s cost.