ELLIS, Judge.
This suit is brought by Jesse J. Walker, Sr. individually and as tutor of his minor son, Ralph J. Walker, for damages suffered as a result of a one car accident which happened in East Baton Rouge Parish at about 6:00 p. m. on May 31, 1964. The vehicle involved, a 1955 Chevrolet, was operated by Martin Joseph Butch Barcelona and was insured by the defendant insurance company.
After trial on the merits, judgment was rendered in favor of plaintiff and against defendant for damages for personal injuries in the sum of $3,700.00, and special damages totalling $25.00. From this judgment, defendant has appealed suspensively.
The facts do not appear to be in serious dispute. On the day in question, Ralph Walker and his cousin, Robert Walker, accompanied Butch Barcelona to Thunderbird Beach, riding as passengers in the *41 1955 Chevrolet referred to above. On the way to the beach, they stopped, and Barcelona and Robert Walker each bought a six pack of beer. Ralph bought six cokes. They arrived at Thunderbird Beach at about noon and the boys parted company. They saw each other only in passing, if at all, until shortly before 5:30 p. m., when they met at the car to leave. During the afternoon, Butch had drunk all of the beers he bought, and there is testimony in the record to the effect that he appeared to be “high” when they were leaving. Barcelona’s own testimony is that he was “kind of high” but that he felt he could control the car. He also testified that about 15 minutes before they left, Ralph offered to drive home, but that he declined the offer.
The evidence also reveals that there was some difficulty with the transmission of the Chevrolet, and that it jumped out of gear fairly frequently. It had done this a number of times on the way.to Thunderbird Beach that day.
After they left to return home, Ralph testified that Barcelona appeared to be sleepy, and that on one occasion, he had to grab the steering wheel to keep the car from running off the road. At that time, he again asked Barcelona if he wanted him to drive, but Barcelona told him that he could handle it.
At the next curve, the car popped out of gear again, and Barcelona lost control of it. The car left the road, striking a culvert, and threw Ralph out of the car, causing the injuries complained of.
The negligence of Barcelona is not disputed. The defenses interposed by defendant are based on the contributory negligence of Ralph Walker in a number of respects. It is contended that he assumed the risk by knowingly riding in a mechanically defective vehicle, and by knowingly riding with an obviously intoxicated driver without protest. It is further contended that the negligence of Barcelona should be imputed to Ralph Walker because they were allegedly in a principal-agent relationship.
The present condition of the law relative to a situation such as this is summarized in the case of Hooker v. New Orleans Public Service, Inc., 127 So.2d 199 (La.App. 4 Cir. 1961) as follows:
It is well settled in our jurisprudence that a guest passenger cannot recover for injuries received as a result of his driver’s negligence where that driver has had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired and where the guest passenger knew or should have known of the driver’s condition and yet voluntarily rode with him. Dowden v. Bankers Fire & Marine Ins. Co., La.App., 124 So.2d 254; McAllister v. Travelers Ins. Co., La.App., 121 So.2d 283; Lyell v. United States Fidelity & Guaranty Co., La.App., 117 So.2d 290; Woods v. King, La.App., 115 So.2d 232; Elba v. Thomas, La.App., 59 So.2d 732.
******
Under our more recent jurisprudence as set forth in the cited cases, it is no longer necessary to show that the driver was drunk. The fact that he had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired is sufficient. We therefore hold that the , action of a guest passenger in voluntarily riding with a driver under the influence of intoxicants to an extent sufficient to make him lose normal control of his mental and physical faculties and to cause such faculties to be materially impaired, whose condition was known or should have been known to the guest passenger, constitutes not only an assumption of the risk in any claim against his host but also independent, contributory negligence sufficient to bar his recovery from third persons in any case where the host driver *42 was guilty of negligence which was a proximate cause of the accident.
The following language from McAllister v. Travelers Insurance Co., 121 So.2d 283 (La.App. 1 Cir. 1960) is also applicable here:
It is the settled jurisprudence of this state that the intoxication of a motorist who collides with a stationary object while driving under the influence of alcoholic beverages, constitutes a proximate cause of such an accident where, in the light of all the facts and circumstances surrounding the incident, it may reasonably be inferred that the accident would not have occurred except for such intoxication and that the intoxication was one of the contributing factors of the accident.
We must determine if Barcelona was intoxicated, and if his intoxication was one of the contributing causes of the accident. If the latter question is answered in the affirmative, we must then determine if Ralph Walker knew or should have known that Barcelona’s faculties were materially impaired due to intoxication.
The accident happened as the vehicle was just entering a curve. At the time, it was or had been drizzling, and the road was wet. The car was going in excess of 45 miles per hour when it jumped out of gear, and Barcelona shifted it into second gear. When he did so, the car began to fish-tail, that is, the rear end began to swerve back and forth. Barcelona testified that he attempted to compensate for the swerving by turning his steering wheel in a direction opposite to the direction of the skid, and that he lost control of the car.
Insofar as the intoxication being a contributing factor to the accident, it would appear that this fact is established by the evidence. Barcelona admitted that he had had six beers, and that his capacity was about seven. He said drinking beer made him feel high and that he would also get drowsy. He had been operating his vehicle without mishap, despite the fact of the faulty transmission, until he arrived at Thunderbird Beach, but almost ran off the road when he became drowsy at the wheel shortly after leaving there. He also shifted his vehicle into second while it was going at a speed of 45 miles per hour, which was probably the immediate cause of the skid, and which is certainly not the act of a driver in full possession of his faculties.
It is contended that since Ralph Walker was 16 years old at the time of the accident, and did not drink alcoholic beverages, he was too young and inexperienced to be charged with knowledge of Barcelona’s intoxication. We cannot agree with this contention. It seems apparent that Ralph Walker should have been aware of Barcelona’s condition. He knew that the beer had been purchased, and there was no reason to doubt it had been consumed. He had ample opportunity to observe Barcelona’s condition before they left Thunderbird Beach. E. J. Daigle, III, a friend of Ralph’s, saw Barcelona at about that time, and testified that he appeared to be high. In addition, Barcelona demonstrated his lack of control over the car almost immediately after leaving Thunderbird Beach by allowing the car to run off the highway, and by dozing off at the wheel. As pointed out in the Hooker case, supra, it is not necessary to show that Barcelona was drunk, but only that he had imbibed an amount of intoxicants sufficient to make him lose normal control of his faculties. It is clear that Barcelona had had that amount to drink, and we are of the opinion that Ralph Walker knew or should have known of his condition. Any 16 year old boy of normal intelligence should be able to recognize that a dangerous situation existed even in the unlikely event that he is not aware of the intoxicating effect of alcohol. In riding with Barcelona under those circumstances, Ralph Walker was contributorily negligent and assumed the risk of improper driving because of Barcelona’s intoxicated condition.
*43 In view of this finding-, we need not consider the other assignments of error made by appellants.
For the above and foregoing reasons, the judgment of the district court is reversed, and there will be judgment herein in favor of defendant and against plaintiff, dismissing plaintiff’s suit as his cost.
Reversed and rendered.