279 So.2d 253 (1973)
Shelton Mark CORMIER, Plaintiff-Appellee,
v.
ROYAL INDEMNITY INSURANCE COMPANY et al., Defendants-Appellants.
No. 4187.
Court of Appeal of Louisiana, Third Circuit.
May 30, 1973.
St. Paul Bourgeois, IV, and Raymond M. Allen, Lafayette, for defendants-appellants.
Mouton & Beard, by Caliste Beard, Jr., Lafayette, for plaintiff-appellee.
Before FRUGE, SAVOY, and DOMENGEAUX, JJ.
SAVOY, Judge.
This is an action in tort instituted by plaintiff against the defendants Virginia Decoux, driver of the vehicle involved in the accident, Ollie Decoux owner of said vehicle and Royal Indemnity Insurance Company, insurer of the vehicle.
For a cause of action plaintiff alleged that about 4:15 a. m. on March 11, 1971, he was a guest in a car being driven by Virginia Decoux when she negligently ran off Louisiana Highway 14 into a ditch and struck a tree causing plaintiff physical injuries. That the negligence of Virginia consisted in her driving at an excessive speed; failing to keep a proper lookout; and in failing to keep her vehicle under proper control. Defendant filed an answer denying the allegations of the petition and praying for a jury trial.
After a trial on the merits, the jury by a 10 to 2 vote awarded plaintiff judgment in *254 the sum of $1500.00 against Virginia and Royal in solido. Judgment was signed in accordance with the verdict. Defendant appealed. While the jury verdict did not mention the defendant, Ollie Decoux, the judgment signed by the district judge dismissed the suit as to him with prejudice. Plaintiff did not appeal or answer the appeal so this party is not before the court on appeal.
After reviewing the record, we are of the opinion that the judgment appealed from is contrary to the law and the evidence and accordingly we reverse the jury verdict and the judgment of the district court.
The evidence reveals that Virginia was a barmaid employed at the Four-Lane Lounge near Abbeville on March 10, 1971. Plaintiff arrived at said lounge that evening after having several drinks at another lounge nearby. He remained at the Four-Lane Lounge until 2:00 a. m. the next morning. While there, he consumed six to eight drinks. He and Virginia left the establishment in a car she was driving. They were in route to the Bamboo Lounge. In order to arrive at the latter lounge they traveled at an excessive rate of speed through the Town of Abbeville, Louisiana. Plaintiff testified that Virginia drove her car in excess of the speed limit and passed several cars in a reckless manner in the process. Upon arrival at the Bamboo Lounge, both plaintiff and Virginia commenced to consume more alcohol and thereafter left the lounge in the vehicle driven by Virginia destined for a local restaurant when the car driven by Virginia swerved off the road and struck a tree causing plaintiff's injuries. Plaintiff testified that just prior to the accident was the first time he complained to Virginia that she was driving too fast and should slow down.
We are of the opinion that under the evidence in the record that plaintiff's failure to protest before amounts to contributory negligence, and that he assumed in the risk in riding with Virginia under the conditions outlined herein and that he is barred from recovery.
In Foy v. Ed Taussig, Inc., 220 So.2d 229 (La.App. 3rd Cir., 1969), this court reversed a jury verdict and stated:
"When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver's condition and nevertheless voluntarily rides with him cannot recover for injuries received in an accident caused in whole or in part by the driver's negligence, if the alcohol induced impairment of the driver's ability is a substantial contributory cause of the driver's negligence. Viator v. Grain Dealers Mutual Insurance Company, 182 So.2d 165 (La.App. 3rd Cir., 1966); Roller v. Cormier, 192 So.2d 568 (La. App. 3rd Cir., 1966); Wright v. State Farm Mutual Automobile Insurance Company, 194 So.2d 799 (La.App. 2nd Cir., 1967); Elba v. Thomas, 59 So.2d 732 (La.App.Orl.Cir., 1952)."
See: Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971); Dove v. Messina, 230 So.2d 615 (La.App. 1st Cir., 1969); Gros v. United States Fidelity and Guaranty Company, 183 So.2d 670 (La.App. 1st Cir., 1966).
In Ferguson v. Highway Insurance Underwriters, 109 So.2d 289 (La.App. 1st Cir., 1959), the court said:
This rule as announced in all of these cases generally holds that when the guest permits the driver to be reckless without protesting he will be considered to have consented to and acquiesced in the driver's negligence if he had an opportunity to protest, and that such failure to protest on the part of the guest amounts to contributory negligence which will bar his recovery for injuries caused by the negligence of the driver, or as stated in the Senegal case, supra, (Senegal v.
*255 Thompson, La.App., 91 So.2d 865] by the trial judge of this case, John T. Hood; `"As a guest or passenger in an automobile, it was his duty to warn the driver of the danger, and otherwise exercise ordinary care to protect himself. His negligence to do so constituted a contributory or proximate cause of the accident. * * * It, of course, is the duty of a guest or passenger in a motor vehicle to exercise ordinary care for his own safety, and where reasonably necessary to warn the driver of impending danger and to take such other reasonable steps as are necessary for his own protection." `" See also, Richard v. American Home Assurance Company, 241 So.2d 77 (La.App. 3rd Cir., 1970).
For the reasons assigned, the verdict of the jury and the judgment of the district court are reversed and judgment is hereby rendered in favor of Virginia Decoux and Royal Indemnity Company, and against plaintiff Shelton Mark Cormier rejecting his demands and dismissing his suit at his costs.
Reversed.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge (dissenting).
I disagree with my esteemed brothers in this case.
There is no evidence showing that Virginia Decoux was under the influence of alcohol when she drove her car from the Four Lane Lounge to the Bamboo Lounge nor while she drove from the latter place to the place of the accident; although at a pre-trial deposition plaintiff testified that Virginia Decoux drove "like crazy" between the two lounges, at the trial he emphasized that although she was driving fast, she was driving carefully; the jury heard him testify at trial and also heard his explanation of his deposition testimony; on the final lap of their journey, plaintiff testified that he cautioned his driver to slow down, but she ignored his admonition and the accident happened quickly thereafter, not necessarily because of the speed, but because the driver lost control after "whipping" her car from one side of the highway to the other. There was no forewarning that the driver would have acted as she did.
Basically, these are fact questions. The jury is in a better position than we are to determine the credibility of the witnesses. Although a reading of the record raises some question in my mind as to the conclusion reached by the jury, nevertheless we are governed by the rule that findings of fact made by a jury, particularly when they involve the issue of credibility of the witnesses, may not be disturbed on appeal unless they are characterized by manifest error. Hooper v. Wilkinson, La.App., 252 So.2d 137.
I find no manifest error herein, and believe that this case should be affirmed, and therefore respectfully dissent.