DOMENGEAUX, Judge.
This tort suit was filed by plaintiff, Donna F. Powell, seeking damages for personal injuries resulting from a motorcycle-automobile accident. Made defendants were Charles D. Heck, Jr., Robert L. Tucker, Freddy Maricelli, Stephen M. Liles, Judith Carlson, and Commercial Union Insurance Company, alleged to be the liability insurer of Robert L. Tucker.
Various answers and other pleadings were filed, including affirmative defenses of contributory negligence and assumption of risk on the part of the plaintiff. Additionally, Robert L. Tucker, on the basis that Commercial Union Insurance Company refused to furnish him a defense in this suit, filed a third party demand against that company. In turn, Commercial filed an exception of no right and no cause of action to Tucker’s third party demand and also filed a petition for declaratory judgment seeking dismissal of the demands of both plaintiff, Powell, and third party plaintiff, Tucker, on the basis that the policy sued on was a family automobile policy which did not provide coverage for Tucker or the motorcycle which was being operated by him at the time of the accident.
The District Court sustained Commercial’s exception of no right and no cause of action, and also granted Commercial’s motion for declaratory judgment.
After trial on the merits, the court rendered judgment in favor of the defendants, Charles D. Heck, Jr., Freddy Maricelli, Robert L. Tucker, and Stephen M. Liles, finding that the plaintiff, Powell, assumed the risk of her personal injuries, and therefore was barred from recovery.[1] Plaintiff filed a motion for a new trial which was denied. She has appealed from the finding of the trial court that she assumed the risk of her personal injuries. There is no appeal from the judgment of the District Court which released defendant Commercial Union Insurance Company from this suit.
The vehicular mishap giving rise to plaintiff’s suit occurred on Louisiana Highway 1 South in Natchitoches Parish, Louisiana, on March 13, 1977. The able trial judge rendered written reasons describing the background of this accident, the circumstances under which it occurred, and an explanation of his conclusions, which we quote in pertinent part, as follows:
“The accident out of which this litigation grew occurred on Louisiana Highway 1 South, in Natchitoches, at about 4:30 P.M.,[2] March 13,1977, at a point directly in front of a restaurant called the Barbeque Hitch. At this point Louisiana Highway 1 South runs generally north and south, and is straight and level for a rather considerable distance both north and south of the point on the vehicular collision in this case. The highway is a two-lane, hardsurfaced highway with a hardsurfaced shoulder on the west side in the area where the accident occurred.
Immediately prior to the accident, plaintiff — Powell had been riding on the rear of a 750 Honda motorcycle owned by Mrs. Judith Carlson, later amended to be Judith F. Crotsenburg, and being driven by Charles D. Heck, Jr. They were riding on La. Highway 1 South in Natchi-toches and were approaching a point directly in front of the Barbeque Hitch, a restaurant. They were riding in the right-hand, south-bound lane of travel, slightly on the right shoulder, which was *584 hardsurfaced. Immediately ahead of them, also in the right-hand, southbound lane of travel, was a 1974 Pontiac automobile, owned by Nelda Faye Liles and being driven, with her consent, by her son, Stephen M. Liles. To the rear of the Heck driven motorcycle were two other motorcycles, one a 350 Yamaha motorcycle driven by its owner, Freddy Maricelli, riding next to the center line, and the other a 360 Honda, owned by Mrs. Judith Carlson (Judith F. Crotsenburg), and being driven by Robert L. Tucker. Tucker had a passenger on the rear of his motorcycle. He was riding closely behind Mari-celli, also near the center line.
The evidence establishes that Liles, the driver of the Pontiac automobile, was traveling at a moderate rate of speed and had slowed down to 5 — 10 miles per hour upon giving a right-hand turn signal, preparatory to turning right into the south entrance of the Barbeque Hitch. Heck, riding immediately behind the Pontiac and to its right, on the edge of the shoulder, which was also hardsurfaced, was only a few feet, some 5-10 feet behind him, Liles thought. Liles made a proper right turn and Heck was traveling so close to Liles that he could not safely stop. There is strong, but not conclusive, evidence that Heck was preparing to pass Liles on the right. In any event, his negligence is manifest. When he became aware of the Liles vehicle turning, or when he saw the light (which he denied) he applied his rear brake, the motorcycle slid, and Donna Powell was thrown from the rear of the motorcycle. Whether she was or was not holding on is not really material, since the force of Heck’s sudden action would have thrown her.[3] Heck proceeded on, colliding with the Liles’ Pontiac. Almost instantly Donna Powell hit the center of the highway, and was run over in rapid succession by the motorcycles driven by Freddy Maricelli and Robert L. Tucker. Maricelli and Tucker, respectively, ran over Ms. Powell because they were negligent. They were negligent in that the two motorcycles were traveling too close together, and both were traveling too closely behind the Heck vehicle; they both failed to keep a proper lookout; failed to see what they should have seen; and failed to keep their vehicles under control. They were also, to some undetermined extent, under the influence of alcohol.
The evidence establishes that this group of motorcycle riders and their passengers, had been riding around the city of Natchitoches, and vicinity, for several hours that afternoon, drinking beer as they rode.[4] One of the motorcycles had saddlebags filled with beer and ice. The saddlebags held 32, 7 oz. cans of beer, and when empty the bags would be refilled. The riders rode and drank all afternoon, passing cans of beer among themselves as they rode. They drank together, beer for beer, which may account for their mutual testimony as to their respective condition of professed sobriety. A blood test made of Mr. Heck, shortly after the accident,[5] established that the alcoholic content of *585 his blood was .275%.[6] The evidence is clear that Donna Powell, his passenger, drank beer for beer with him as they rode, and was, no doubt, also under the influence of alcohol.
Mr. Liles on the other hand, had not been drinking at all.
Heck, Maricelli, and Tucker were all negligent, and their combined negligence caused the injuries to Donna Powell. She was injured when thrown from the Heck motorcycle, and when struck by the machines of the two others.
Here we are confronted with the question as to whether Donna Powell assumed the risk of riding with a driver that she knew or should have known was too intoxicated to drive safely, and whether her voluntary riding with such a driver, without raising any objections, or giving any warnings, was an assumption of risk, and constituted contributory negligence on her part.”
The trial judge then went on to correctly state that the jurisprudence of Louisiana is to the effect that the plaintiff, Donna F. Powell, was barred from recovery, under the facts presented in this litigation. In support of his conclusion he also correctly cited the following cases: Cormier v. Royal Indemnity Insurance Company, 279 So.2d 253 (La.App. 3rd Cir. 1973); Foy v. Ed Taussig, Inc., 220 So.2d 229 (La.App. 3rd Cir. 1969); Viator v. Grain Dealers Mutual Insurance Co., 182 So.2d 165 (La.App. 3rd Cir. 1966); Roller v. Cormier, 192 So.2d 568 (La.App. 3rd Cir. 1966); Durham v. Paciera, 164 So.2d 188 (La.App. 1st Cir. 1964); Walker v. New Amsterdam Casualty Company, 199 So.2d 39 (La.App. 1st Cir. 1967); and Clinton v. City of West Monroe, 187 So. 561 (La.App. 2nd Cir. 1939).
The legal principles applicable in assumption of risk cases where the host driver’s intoxication is or should be known to the guest was stated in the recent Supreme Court case of Prestenbach v. Sentry Insurance Company, 340 So.2d 1331 (La.1976), as follows:
“The law is well settled that a guest passenger riding with a driver who has been drinking excessively assumes the risk of injuries received in an accident caused in whole or in part by the driver’s negligence, if the alcohol-induced impairment of the driver’s ability is a substantial contributory cause of the driver’s negligence and if the guest passenger knows or should have known of the driver’s condition and nevertheless voluntarily rides with him. Marcotte v. Travelers Ins. Co., 258 La. 989, 249 So.2d 105 (1971); Jones v. Continental Casualty Co., 246 La. 921, 169 So.2d 50 (1964).
As with other affirmative defenses, the defendant who pleads contributory negligence or assumption of the risk bears the burden of proving it. La.C.Civ.P. art. 1005; McInnis v. Firemen's Fund Insurance Company, 322 So.2d 155 (La.1975); Marcotte v. Travelers Ins. Co., cited above. In the present case, this means that, to defeat recovery for damages caused by the driver’s undoubted negligence, the defendant must prove by a preponderance of the evidence that: (1) the driver was intoxicated; (2) his intoxication was a cause of the accident; and (3) the plaintiffs’ decedent knew or should have known of the driver’s condition. Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Marcotte v. Travelers Ins. Co., supra; Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).”
An overview of the record clearly establishes that the plaintiff, Donna F. Powell, was familiar with motorcycles, having ridden them before. She obviously was aware of the risks involved, and particularly those *586 involved under the circumstances of this case. She was fully aware that Tucker and Maricelli were riding quite close together, and also closely behind the motorcycle upon which she was riding. She not only knew of the continuous drinking indulged in by all members of the party, including Heck, since the early afternoon, but she also participated in the imbibing. She was completely cognizant of, and participated in the general antics of the whole riding group which including the passing of beers from one another while traveling on the motorcycles. At no time did she make any objection to Heck’s drinking or the reckless manner in which he and the others were driving the motorcycles.
We conclude that Heck’s intoxication was the prime cause of the accident and that the plaintiff knew or should have known of his intoxicated condition and the overall dangers involved in this motorcycle riding-beer drinking adventure. She assumed the risk of all aspects of this accident and her resulting injuries.
Plaintiff’s counsel suggests that the result of this case is erroneous in view of the case of Prestenbach v. Sentry Insurance Co., supra. We readily conclude that the facts of the Prestenbach case are distinguishable, from those in this case. Of initial significance in Prestenbach is that the Court of Appeal therein reversed the trial court’s findings of fact. We are not doing that here. Additionally, the decedent guest passenger in Prestenbach, at numerous times before the accident was not in the company of the driver, and was not in a position to have known of the intoxicated condition of the driver, whose blood alcohol content was shown to be .124. Also, when the driver accelerated the vehicle excessively prior to the accident the decedent cautioned the driver to slow down.
We conclude, therefore, that the decision of the District Court is amply supported by the evidence and we cannot by any means state that the result reached herein is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.

AFFIRMED.

. The District Judge correctly noted in his written reasons that Judith Carlson (now Crotsen-burg) was never served with process, made no appearance, and was not a party defendant.

2. There is some testimony that the accident occurred at approximately 5 o’clock P.M. The plaintiff opined that the accident occurred “around 5:30 or 6:00.”

3. The evidence is inconclusive as to whether plaintiff was holding on, either to a part of the motorcycle or to Heck. We do not necessarily agree with the District Judge that plaintiff would have been thrown because of Heck’s sudden action even if she had been holding on. Had plaintiff been holding on she would not necessarily have been thrown in the manner and at the place where she landed.

4. The evidence shows that the plaintiff met a group of friends at the Billups Service Station between 1 o’clock P.M. and 2 o’clock P.M. on the afternoon of the accident and that the beer drinking by all of them started at least at that time. There were five motorcycles involved in the riding party as follows: The motorcycle which Heck was operating and upon which plaintiff was a passenger; the motorcycle Tucker was operating, also with a passenger; and the motorcycle Maricelli was operating, without a passenger. There was also a motor-' cycle being driven by one named Richardson and another motorcycle being driven by Mike Guilliams, whose passenger was Kim Lacaze. Richardson, Guilliams, and Lacaze are not involved in this suit.

5.Defendant Heck consented to the taking of a blood sample which was done between one and two hours after the accident.

6. In Louisiana criminal law, a level of .100 gives rise to a presumption of intoxication under La.R.S. 32:662. Although there is no comparable presumption in the civil law, Heck’s blood alcohol level is a factor which may be considered in determining whether the plaintiff knew or should have known of his condition and nevertheless voluntarily rode with him. Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976).