249 So.2d 105

Curley L. MARCOTTE et al., Plaintiffs-
Appellants-Relators,

v.

The TRAVELERS INSURANCE COMPANY
et al., Defendants-Appellees-Respondents.

No. 50770.

June 7, 1971.

Rehearing Denied June 28, 1971.

Clint L. Pierson, Baton Rouge, for plaintiff-appellant.

Taylor, Porter, Brooks & Phillips, W. S. McKenzie, William Luther Wilson, Baton Rouge, for defendants-appellees-respondents.

TATE, Justice.

The narrow issue before us is whether a driver's intoxication is proved to be a proximate cause of an accident.

A passenger and her father sue her driver and the driver's insurers to recover for personal injuries sustained in an intersectional collision. The court of appeal affirmed the dismissal of the suit. 236 So.2d 587 (La.App. 1st Cir. 1970).

We granted certiorari limited to one assignment of error, to be noted below. 256 La. 846, 239 So.2d 355 (1970). When certiorari is granted limiting review to a specific issue and is denied as to other specifications of error, the court of appeal judgment is final as to those issues denied. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).

The accident occurred when the host automobile ran a red light and crashed into a right-of-way vehicle. The latter was proceeding from the cross-street into the intersection by virtue of a green traffic signal. Our grant of certiorari was limited to the issue of whether the intoxication of the defendant host driver was a legal or contributing cause of the accident (Specification of Error No. 5). Neither the trial nor the appellate court had specifically so found.

We denied certiorari, however, to the court of appeal finding that the defendant driver was in a high state of intoxication

at the time of the accident. (Specification of Error No. 7.) This latter factual finding is therefore conclusive upon us in this review.

Certiorari was primarily granted because both the trial and appellate courts had seemed to apply a rule of law that a guest passenger cannot recover from injuries received as the result of a driver's negligence where the passenger assumes the risk by knowingly riding with an intoxicated driver. 236 So.2d 590.[1]

■ This is not the correct rule of law. A passenger riding with a driver who has been drinking excessively only assumes the risk of drunk driving, that is, of accidents resulting from drunk driving. When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver's condition and nevertheless voluntarily rides with him cannot recover for injuries received in an accident caused in whole or in part by the driver's negligence, *if the alcohol-induced impairment of the driver's ability is a substantial contributory cause of the driver's negligence.*

See: Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50 (1964); Dove v.

Messina, 230 So.2d 615 (La.App. 1st Cir. 1969); Gros v. U. S. Fidelity & Guaranty Co., 183 So.2d 670 (La.App. 1st Cir. 1966); Viator v. Grain Dealers Mutual Ins. Co., 182 So.2d 165 (La.App. 3rd Cir. 1966).

■ Further, the defendant, who bears the burden of proving contributory negligence must prove by a preponderance of the evidence that the driver's intoxication was a substantial factor contributing to the driver's accident. Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50 (1964). Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).

In the present instance, the plaintiff passenger argues that the prior courts only held that the defendant was negligent in running a red light. She points out that a perfectly sober person can do so.

Her theory of the facts is that the driver had rounded a curve just before the intersection and proceeded toward the yellow caution light when it turned to red just before he entered the intersection. The testimony, however, preponderates against such a factual conclusion.

---

1. We pretermit discussion of whether, taking the contentions of the parties before the prior courts into consideration, implicit is their factual conclusion that the high intoxication of the driver caused him to run the red light because of his impaired faculties and reactions. We reach this same conclusion on the basis of our own independent review of the testimony.

The driver of the other vehicle, struck as it entered the intersection from the cross-street (Claycut), testified that the light facing him had turned from red to green as he crossed a bridge just after he entered Claycut about 80–100 yards from the intersection. Tr. 203–04. This car approached the intersection at between 20–30 m.p.h. His passenger estimated she noticed the light was green half a block away when approaching it. Tr. 82.

The rear-seat passenger in the plaintiff's own vehicle testified that the light turned from yellow to red as they rounded the curve on Acadian Throughway on the approach to the intersection. Tr. 796. The plaintiff passenger herself had testified in a prior deposition that she noticed that the light facing them on Acadian Throughway was red about a fourth of a block from the intersection. Tr. 721. At the trial, her driver could only remember seeing a yellow caution light.

In summary, the evidence preponderates that the traffic light facing the plaintiff's driver had shown the red stop-signal for an appreciable interval during his approach to the intersection, but that such driver nevertheless approached it at a speed in excess of 40 m.p.h., without braking or attempting to slacken speed. In view of (a) the conclusive court of appeal finding of the high degree of his intoxication, (b) the testimony of his rear-seat passenger of his reckless driving during the approach to the intersection, and (c) the testimony of a physician that intoxication tends to slow reflexes and to dull the intellect and judgment, we find it more probable than not that the plaintiff's driver's intoxication was a substantial factor in his failure to observe the red light facing him and to slow or stop in time to avoid the accident.

We thus find that the defendants have proved this causal factor by a preponderance of the evidence. We therefore affirm the previous courts' dismissal of this suit, at the cost of the plaintiffs-appellants-relators.

Affirmed.

SUMMERS, J., dissents.