ELLIS, Judge.
Plaintiffs Sandra Card and Kimberly Plovanich bring this suit for damages for personal injuries suffered by them while riding as guest passengers in an automobile owned and operated by Augusto de Miguel. Defendants are de Miguel, Yosemite Insurance Company, his insurer, and the Parish of East Baton Rouge. A third party demand was filed by the Parish against de Miguel and Yosemite. After trial on the merits, judgment was rendered dismissing plaintiffs’ suit and the third party demand. Plaintiffs have appealed.
Plaintiffs were injured when de Miguel drove his vehicle into a canal at the end of West Washington Street in Baton Rouge. West Washington Street begins at Highland Road, and has a black top surface twenty feet wide. It ends three blocks from Highland Road in a small drainage canal. There was, at the time of the accident, a warning sign reading “Dead End” located approximately 150 feet from the end of the pavement on the right shoulder of the street. The investigating officer testified that the sign was old and somewhat faded. He was unable to testify to what extent, if at all, it had lost its reflec-torized qualities. There were no other warning devices of any type between Highland Road and the canal, and no barricade across the end of the street. A street light was located within thirty-five feet of the Dead End sign. There had been a barricade at the end of the pavement and another Dead End sign at the intersection of West Washington and Highland, but both of these devices had been gone for some time, the barricade having been knocked down in a previous accident, over a year before the accident.
There was some testimony in the record by residents of the area that there had been some previous accidents at this point. The records of the Parish did not reveal that any such accidents had been reported.
The accident happened at approximately 8:30 p. m. At 1:00 p. m. on the same day, Miss Card, de Miguel, and four friends began a party at Miss Card’s apartment, at which the group consumed twenty-four beers and one fifth of rum. At about 5:00 o’clock, Miss Plovanich joined de Miguel, Miss Card and one Roy Thompson in riding around in de Miguel’s car. During this period, they visited two lounges, at each of which de Miguel had a scotch highball, and one hamburger stand where everyone had a hamburger and french fried potatoes. They also bought six more beers, which were consumed in the car.
At the time of the accident, the parties were making their way to a lounge on Nicholson Drive where they intended to go dancing. They were under the impression that West Washington was a through street from Highland Road to Nicholson, de Miguel entered West Washington from Highland Road, and drove down that street at a speed estimated from thirty to sixty miles per hour by the various witnesses. The trial court found him to be driving at an excessive rate of speed, and we are satisfied that this conclusion is correct. Miss Card testified to a speed of forty miles per hour at the trial, and to fifty miles per hour in her deposition. A witness who saw the car approach the accident scene said it was going “pretty fast”, and “about sixty miles per hour”.
Neither de Miguel nor anyone else in the car saw the Dead End sign, and de Miguel did not realize there was going to be an accident until he was right at the end of the street.
Plaintiffs claim that the Parish was negligent in failing to give adequate warning of the dead end. They also claim that de Miguel was negligent in driving too fast and in failing to keep a proper lookout. Both defendants allege contributory negligence and assumption of the risk on the *510 part of plaintiffs for riding with de Miguel when they knew or should have known that his driving ability was impaired due to consumption of alcohol.
Turning to the question of the adequacy of the traffic warning device, we must first point out that there is no testimony in the record to indicate that the dead end sign fails to meet the standards for safety in warning of such a hazard. We are limited to the question of whether a driver, in full possession of his faculties, operating his vehicle within the speed limit and keeping a proper lookout should have seen the dead end sign in time to avoid this accident. After examining the photographs in the record, we find, as did the trial judge, that such a driver should have observed the sign and could have thereafter avoided the accident.
We find, as did the trial judge, that the sole proximate cause of the accident was the negligence of de Miguel in operating his vehicle at an excessive rate of speed and failing to keep a proper lookout.
With respect to the contributory negligence of the plaintiffs, the law relative thereto has been settled in the recent case of Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971), in which the court said:
“A passenger riding with a driver who has been drinking excessively only assumes the risk of drunk driving, that is, of accidents resulting from drunk driving. When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver’s condition and nevertheless voluntarily rides with him cannot recover for injuries received in an accident caused in whole or in part by the driver’s negligence, if the alcohol-induced, impairment of the driver’s ability is a substantial contributory cause of the driver’s negligence.”
We find that the record supports the conclusion that de Miguel’s intoxication was a substantial contributing cause of his negligence, and that the plaintiffs knew of his condition, and therefore assumed the risk of its consequences.
The judgment appealed from is affirmed at plaintiffs’ cost.
Affirmed.