STOULIG, Judge.
Plaintiffs, Linda Borja, wife of and James Murray, were awarded a judgment of $2,000 and $100, respectively, for general and special damages incurred in an automobile-tractor-trailer collision on Chef Menteur Highway in the City of New Orleans. Defendants, Jones Chemicals, Inc., owner of the truck, and its insurer, The Travelers Insurance Company, have appealed.
This case was consolidated with two other lawsuits filed in connection with this accident, namely Jones Chemicals, Inc. v. Linda Murray et al., 316 So.2d 201, No. 6775 of our docket; and Rita Brown, wife of/and Lee H. Brown v. Employers Commercial Union Insurance Company et al., 316 So.2d 194, bearing Docket No. 6776 of this court. In the latter case, we resolved the question of liability against appellants, and for the reasons assigned therein, we conclude the negligence of the driver of the Jones truck was the sole proximate cause of the accident.
We now consider the damage awards. In written reasons for judgment the trial judge stated Mrs. Murray suffered soft tissue injury and an aggravation of a pre-ex-isting nervous condition. We agree there is medical evidence to support the conclusion that Mrs. Murray was highly nervous, but in reviewing the testimony, we believe it is more probable her emotional problems are related to domestic difficulties than to an accident-induced psychological problem.
On the soft tissue injury, Dr. Henry LaRocca, an orthopedist who examined and treated Mrs. Murray on four occasions,[1] first testified the accident aggravated previous injuries to the back and cervical spine. However, it should be noted that Mrs. Murray did not consult Dr. LaRocca until more than eight months after the accident. On cross-examination, she disclosed that subsequent to the accident her husband had physically beaten and knocked her down on several occasions. When Dr. LaRocca was presented with these additional facts, he equivocated as to whether the October 1, 1971 accident precipitated the complaints for which he first treated Mrs. Murray on June 6, 1972.
We conclude plaintiffs failed to prove Mrs. Murray’s neck and back problems were caused by the October impact. Her burden is to show by a preponderance of the evidence that it is more probable her injuries resulted from the accident than any other cause.[2]
Because she was involved in the accident more than eight months before she sought medical treatment and because her hus *201 band’s beatings- that occurred subsequent thereto could have caused the same complaints, we find it more probable than not that the reactivation of the neck and back injuries [3] resulted from the battery administered by her now-estranged husband.
Though we have determined that there was no causal connection between the accident and the reactivation of plaintiff’s neck and back injuries, the evidence does support the finding that she was jolted by the impact and sustained slight minimal discomfort and pain caused by coming in bodily contact with the interior of her automobile. The sum of $300 is adequate compensation for the ill effects she suffered.[4]
For the foregoing reasons the judgment in favor of the plaintiff James Murray and against Jones Chemicals, Inc., and The Travelers Insurance Company is annulled and set aside; and the judgment in favor of Mrs. Linda Borja Murray against Jones Chemicals, Inc., and The Travelers Insurance Company in solido is amended to reduce the award of damages to $300; and in all other respects the judgment is affirmed.[5]
Annulled in part; amended in part; and as amended affirmed.

. June 6, June 27, July 13 and July 18, 1972.

. Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971).

. The medical history of Mrs. Linda Murray reflects that in 1965 she was involved in an automobile accident causing an injury to her neck and in 1968 in a slip-and-fall incident she injured her back. The examination of her treating physician, Dr. LaRocea, reflected no physical findings relative to her neck, but did disclose pain and tenderness in the lumbar spine. He candidly admitted, “I don’t really know what the backache is due to.”

. Bland v. Interstate Fire and Casualty Co., 311 So.2d 480 (La.App.4th Cir. 1975).

.We are aware LSA-Const. Art. 5 § 8(B) (1975), requires, inter alia, a case to be re-argued in this court before a panel of five judges “ * * * when a judgment of a district court is to be modified or reversed and one judge dissents * * *.” However, the panel is of the unanimous opinion this provision is inapplicable because in the instant case, the dissenting opinion addresses itself to the issue of liability; whereas, the modification of the trial court’s judgment by the majority involves a reduction in quantum.