MILLER, Judge.
Guest passenger plaintiff Mark Stephen Arabie appeals the trial court’s dismissal of his claim for personal injuries on finding he assumed the risk of riding with a drunken driver. Defendant Travelers Insurance Company carried liability insurance on the only vehicle involved in the accident. Arabie contends the trial court’s factual determinations are not supported by the record, and that is the sole issue. We affirm.
Arabie was riding in the right rear seat of an eastbound 1973 Plymouth Roadrunner when it crossed the westbound lane of McNeese Street, jumped a ditch, and flipped over several times before coming to rest in a field north of McNeese Street. The car left several deep imprints in the field which indicated to the investigating officers that it flipped over several times during the 309 feet it travelled out of control. The driver and two passengers were thrown out of the car and Arabie was partially in and partially out when the car came to rest.
Although the accident occurred only a few minutes after the 1:30 a. m. departure from a bar and lounge, the three guest passengers testified they were asleep when the accident occurred. The driver and two guest passengers had been visiting and drinking in bars and lounges since about 9 p. m. that night. Although there is testimony indicating Arabie joined them as ejj.rly as 10:30 p. m. and testimony he joined them as late as 12:30, the trial judge held the foursome had been together for one and a half hours before they departed for another bar and lounge. During that hour and a half all four drank four rounds of drinks — two mixed drinks and two beers. Arabie admitted the circumstances of his meeting the others in a bar might suggest they had been drinking before he saw them, but testified he could not tell they had been drinking from their appearance. Arabie had consumed several beers before he met the others. One guest passenger became nauseated from the drinking while Arabie was present. Ara-bie did not recall that incident.
A few days before the accident, the driver had celebrated her 17th birthday. During the evening the driver consumed four mixed drinks and four beers according to her count. She had not eaten food since 5 p. m. The alcohol level in her blood at 3:50 a. m. was “187 milligrams percent” [the physician’s testimony] which was considered by a properly qualified medical expert to show intoxication which should be recognized by a lay person.
Eastbound eyewitnesses who were not related to the parties testified the Road *342 runner was overtaking them at a high rate of speed. This caused the eyewitness to drive as far to the right as possible to give the Roadrunner more room to pass. Although there was no other traffic the Roadrunner went out of control before it overtook the slower moving eastbound motorist. One eyewitness went to the driver’s aid and testified the driver’s breath had a strong smell of alcohol. This was confirmed by the investigating officer and by the physician who drew blood from the driver.
The trial judge expressly rejected the testimony by all four occupants that they were not under the influence of alcohol and the driver had not exhibited signs of her inebriated condition. The court concluded the unfortunate accident resulted from the fact that all these young people had too much to drink; the driver’s faculties were materially impaired to the point she should not have been driving; and a person whose own faculties were not impaired would have been able to discern this condition. One passenger testified she would not have allowed the driver to drive her car at the time when they left the last bar.
A guest passenger who voluntarily accompanies an intoxicated driver cannot recover for injuries received in an accident the cause of which is attributed to the driver’s consumption of intoxicants. Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971); Evans v. Louisiana Farm Bureau, 291 So.2d 865 (La.App. 3 Cir. 1974).
Where evidence is before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this factual finding absent manifest error. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may believe its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3 Cir. 1975). Plaintiff failed to establish manifest error in the trial court’s determination.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.