KLIEBERT, Judge.
This was a suit for personal injuries and property damages sustained in an accident at the intersection of South Claiborne Avenue and Cleveland Avenue in the City of New Orleans. After trial on the merits, the trial court dismissed the plaintiff’s suit. Plaintiffs appeal.
On October 26, 1977, at about 9:30 A.M., Charles Harris, plaintiff-appellant (hereafter Harris) was operating his taxicab, a 1973 Ford, in the center lane of South Claiborne Avenue from Canal Street westbound towards Tulane Avenue. At the same time, Michael Aicklen, defendant-appellee (hereinafter Aicklen) an employee of the Sewerage and Water Board of New Orleans (also defendant-appellee) was operating a 1974 Ford one-half ton pick-up truck from the I — 10 exit in the left lane of Cleveland Avenue southbound towards South Claiborne. As the vehicles approached the intersection of South Claiborne, both drivers thought they had a green light, so Aicklen attempted to turn right onto South Claiborne just as Harris was crossing the intersection of Cleveland and South Claiborne. The front of Aicklen’s truck struck the passenger side of Harris’ cab and according to Harris, knocked his car into a presently unknown third vehicle. Harris and his wife, Geraldine, sued for damages, seeking awards for pain and suffering, personal injuries, lost wages, medical expenses, and property damages. After trial on the merits, the trial court found that Harris had not proven his case by a preponderance of the evidence, and dismissed plaintiffs’ suit.
On appeal, plaintiffs contend the judgment was clearly erroneous and contrary to *1261 the law and evidence because the trial court erred in finding that plaintiff failed to prove their case by a preponderance of the evidence.
Michael Aicklen, defendant, testified that he exited 1-10 onto Cleveland Avenue. As he approached the intersection of Cleveland Avenue and South Claiborne Avenue, he stopped for a red light. When the light turned green, he began negotiating a right turn onto South Claiborne when he hit plaintiff, who Aicklen claimed had run a red light.
Charles Harris, plaintiff, testified that he was traveling alone and had a green light on Canal Street and South Claiborne (one block prior to the intersection of Cleveland and S. Claiborne) and that he could see from there that he had a green light at Cleveland Avenue. As Harris entered the intersection, he was struck by a dump truck which had run a red light. Harris further stated that when other Sewerage and Water Board vehicles arrived on the scene they switched the pickup truck with a dump truck that had struck him and removed the dump truck. Furthermore, Harris denied using his cab since the accident and further denied being able to drive his cab at all because of his back injury. On cross, Harris could not explain his earlier testimony taken in deposition, wherein he stated that Aicklen had a green light as Aicklen made his turn.
Anderson Matthews was a bystander who testified to witnessing the accident. When the accident occurred, Matthews was drinking a softdrink by a convenience store on the corner of Claiborne and Cleveland Avenues. Just as the collision occurred, Matthews stated that he looked up at the light and saw it turn green on Cleveland Avenue. At one point, he called the Sewerage and Water Board truck “a little yellow truck” and at another point he called it a heavy truck “something like a dump truck.” Matthews recalled Harris as having a female passenger in the car (which was empty except for Harris). Matthews could not remember the time of the day nor the day of the week the accident occurred.
Betty Marshall’s deposition was introduced into evidence because she could not be located for subpoena purposes. (Plaintiff did attempt to subpoena her.) Marshall was driving an auto directly behind Harris when the accident occurred. She stated that she had followed Harris for a while and that the light on the corner of Cleveland and S. Claiborne had turned from red to green when she was approximately forty feet from the intersection. She further stated seeing the light on Cleveland being red while the light on Claiborne was green.
In defense of Harris’ claim, Michael Aick-len testified that the truck he was driving at the time of the accident was not a dump truck, but a Ford F-100 truck. In addition, two insurance investigators, Faye A. Sanders and Emmet Roynot, testified they had investigated and “tailed” Mr. Harris immediately prior to the trial and they had both seen him driving the same cab, for hire, in April, 1979.
The trial court noted the inconsistencies between the testimony of plaintiff and his witnesses, noted that plaintiff was not truthful regarding his operations of the cab following the accident, concluded that plaintiff had not proven his case by a preponderance of the evidence, and rendered judgment for defendants. The trial court’s finding of fact is not to be disturbed in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Manifest error simply means “clearly wrong”. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). From the evidence adduced below, it cannot be said that the trial court was “clearly wrong” in ruling that plaintiffs had not proven their case by a preponderance of the evidence. Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, the fact sought to be proven is more probable than not. Marcotte v. Travelers, 258 La. 989, 249 So.2d 105 (1971).
Harris related an incredible story about his cab being struck by a dump truck, then seeing the Sewerage and Water Board haul the truck away and put a smaller truck *1262 in its place. In addition, his credibility was further impaired when the investigators reported Harris driving his cab for hire after he had denied being able to drive or work since the accident. Furthermore, he stated that the light was green for one block prior to approaching the intersection, while Ms. Marshall stated it was only green forty feet prior to the intersection. Matthews’ testimony was suspect because of his own contradictory testimony, i. e., first he called the Sewerage and Water Board truck a “little yellow truck”, then later called it “something like a dump truck”. His failure to remember the time of day or the day of the week, and his remembering Harris as having a female passenger, when in fact he was alone, further weakens his credibility.
Given the foregoing, and given the fact that plaintiff’s testimony was contradicted by Aicklen, we agree with the trial court’s finding that plaintiff has not proven by a preponderance of the evidence that defendant was negligent in causing the damages to plaintiff.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs to be paid by appellant.
AFFIRMED.