PRICE, Judge.
This action arises out of an automobile accident in which Ellen Jo Jordan was injured while a guest passenger in a vehicle driven by Debra Fontenot.[1] Defendants are Minnette Smith, the mother of Miss Fontenot, and Employers Commercial Union Insurance Company, Mrs. Smith’s liability insurer. The trial court denied recovery for the injuries sustained by Miss Jordan on the finding that she had assumed the risk of Miss Fontenot’s negligence since she knew Miss Fontenot was under the influence of alcoholic beverages and marijuana which caused her to have the accident. We reverse the judgment insofar as it rejects plaintiff’s demands for personal injuries and affirm the trial court’s denial of the claim for additional medical expenses under the medical payments provision of the insurance policy.
The facts giving rise to the accident and resulting injury to Miss Jordan are as follows: On October 1, 1977, at approximately 7:30 p. m., Miss Jordan and Miss Fontenot made plans to leave their respective homes in Winnfield, pick up Reginald Amos, and *617 drive to Natchitoches to meet Kerry La-Caze. Prior to picking up Amos, the two girls purchased a bottle of wine (one-fifth gallon) and an eight-pack of seven-ounce bottles of Miller beer. The girls drank the bottle of wine prior to arriving in Natchi-toches. LaCaze was located at approximately 9:00 p. m. and the two couples drove to a liquor store where LaCaze purchased another carton of seven-ounce bottles of beer. The group of four drove around for several hours drinking beer. Around midnight they decided to visit a party being held at a mobile home on Cane River approximately five miles south of Natchitoch-es. There were alcoholic beverages and marijuana available at the party. There is no evidence that Miss Fontenot consumed any beverages at the party. She testified she did participate in smoking one “joint” of marijuana. The evidence is conflicting on whether Miss Jordan, who was not in the room where the marijuana was being used, was aware that Miss Fontenot had participated in this activity.
A short time before the accident Miss Fontenot started to leave the party alone in her automobile. As she was unfamiliar with the roads in the area, she became lost and returned. She was then joined by Miss Jordan, Amos, and LaCaze for the return trip through Natchitoches and on to Winn-field.
Just prior to 4:00 a. m., as they approached a sharp curve on Louisiana Highway 494, Miss Fontenot lost control of the vehicle, left the road, and struck a tree. As a result of this accident, Miss Jordan suffered personal injuries for which she seeks recovery in this action.
There is no question that the accident was caused by the negligence of Miss Fon-tenot. The issue is whether the trial court was correct in finding Miss Jordan had assumed the risk of injury by voluntarily riding with her.
The trial court in its reasons for judgment found the defendants had met the burden of proof required of them in asserting such an affirmative defense under the principles set forth in Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1976).
The majority opinion in Prestenbach reviewed the rules of law pertinent to this issue as follows:
The law is well settled that a guest passenger riding with a driver who has been drinking excessively assumes the risk of injuries received in an accident caused in whole or in part by the driver’s negligence, if the alcohol-induced impairment of the driver’s ability is a substantial contributory cause of the driver’s negligence and if the guest passenger knows or should have known of the driver’s condition and nevertheless voluntarily rides with him. Marcotte v. Travelers Ins. Co., 258 La. 989, 249 So.2d 105 (1971); Jones v. Continental Casualty Co., 246 La. 921, 169 So.2d 50 (1964).
As with other affirmative defenses, the defendant who pleads contributory negligence or assumption of the risk bears the burden of proving it. La.C.Civ.P. Art. 1005; McInnis v. Firemen’s Fund Insurance Company, 322 So.2d 155 (La.1975); Marcotte v. Travelers Ins. Co., cited above. In the present case, this means that, to defeat recovery for damages caused by the driver’s undoubted negligence, the defendant must prove by a preponderance of the evidence that: (1) the driver was intoxicated; (2) his intoxication was a cause of the accident; and (3) the plaintiffs’ decedent knew or should have known of the driver’s condition....
The evidence shows the total amount of alcoholic beverages purchased on the night of the accident by the four occupants of the Fontenot automobile was one-fifth bottle of wine and 16 seven-ounce bottles of Miller beer. The evidence also shows the two girls drank the wine in approximate equal portions between 7:00 and 9:00 p. m. The evidence is not clear on the specific amount of beer each person drank. The testimony shows, however, that all four consumed a portion during the approximate three-hour period that the group rode around prior to going to the party on Cane River.
*618 Whether either girl drank any other intoxicants at the party in the early morning hours is not clearly shown by the evidence. There is evidence that Miss Fontenot did participate in the smoking of one “joint” of marijuana along with the other persons present at the party. The evidence shows Miss Jordan was not in the trailer at this time and did not see the marijuana being used. However, there is testimony that Miss Fontenot informed Miss Jordan of her marijuana smoking shortly before they left the party.
Taking the evidence as a whole, we do not find that it is sufficient to meet the standards set forth in Prestenbach to sustain the affirmative defense of assumption of the risk.
It would be difficult to judge the degree of intoxication solely on the limited quantity of alcoholic beverages proven to have been consumed over this extended period of time (approximately eight hours) without a blood alcohol test. Although such a test was administered, the result of same was not introduced into evidence. Secondly, there is not a preponderance of the evidence showing Miss Jordan knew or should have known Miss Fontenot was intoxicated to an extent to impair her driving ability on this date.
The conflicting testimony suggests that Miss Jordan and LaCaze had offered to drive when the group prepared to leave the party. The trial court concluded that such an offer had been made, and that the reason for it was because Miss Fontenot was obviously intoxicated by the marijuana and alcohol she had consumed. However, we find that this evidence does not warrant such a conclusion of intoxication. The testimony is vague and does not indicate any reason why an offer to drive was made.
There is no evidence that Miss Fontenot had any of the symptoms of obvious intoxication, such as staggering, impaired speech, or irrational conduct. Other than the excessive speed of the vehicle just prior to the accident, there is no evidence showing that Miss Fontenot was operating her vehicle in a hazardous or reckless manner. Nor is there any evidence that she had driven at an unreasonably high rate of speed earlier in the evening enroute to the party.
The facts of the instant case are very similar to those in Prestenbach. There the deceased guest passenger had been drinking and partying with the driver of the automobile for approximately six hours prior to the fatal accident.
In rejecting the defense of assumption of the risk the Supreme Court observed:
However, for purposes of a knowing assumption of risk, we impute knowledge to a plaintiff, not because he was in a position to make certain observations, but only when he actually makes those observations and, from them, should reasonably have known that a risk was involved.
In the instant case, all testimony adduced at trial indicates that Blanco did not appear intoxicated. The defendants have presented no evidence that would indicate that Prestenbach had knowledge of the driver’s intoxicated condition or that, from his personal observations of the driver’s prior activities and condition, he should reasonably have known of this condition.
The evidence to support the affirmative defense in the instant case is no more convincing than that offered in Prestenbach. We therefore find the trial court erred in finding that Miss Jordan had assumed the risk of injury by riding with Miss Fontenot.
As a result of the accident, Miss Jordan suffered a fracture of the superior ramus of the pelvis, a head laceration, and a cerebral concussion. She was hospitalized for three days at Winnfield General Hospital for treatment of her injuries. Miss Jordan’s movement was restricted for approximately six weeks after the accident. Dr. Mosely, the family physician, was of the opinion that she had fully recovered from her injuries after about three months.
Other evidence shows that immediately after her discharge from Winnfield General Hospital, Miss Jordan was hospitalized for six days at Brentwood Hospital for treatment of emotional problems. While Dr. *619 Mosley speculated that the trauma of the accident could have contributed to her emotional upset, there is evidence that Miss Jordan’s emotional problems predated the accident.
It was also established that Miss Jordan has suffered from various gynecological disorders since the accident. However, Dr. Easterly, a gynecologist who has treated Miss Jordan, was of the opinion this problem was not the result of the automobile accident.
In light of the various injuries suffered by Miss Jordan which are causally connected to the accident, we find that an award for general damages in the amount of $6,000 would be sufficient compensation.
Concerning the claim of Arnold Jordan for payment of medical expenses under the insurance policy, our review of the record does not conclusively establish that all of the medical expenses were incurred as a result of the automobile accident. The record does establish, however, that Employers Commercial Union Insurance Company has previously paid approximately $1,906 under its medical payments coverage.
From the record before us we can find no error in the conclusion that all of the medical expenses incurred as a result of the accident have been paid by the insurer.
For the foregoing reasons, the judgment insofar as it denies Ellen Jo Jordan recovery for her personal injuries is reversed. Judgment is hereby rendered in favor of Ellen Jo Jordan, against Minnette Smith and Employers Commercial Union Insurance Company, in solido, in the amount of $6,000, together with legal interest from date of judicial demand. The judgment denying the demands of Arnold Jordan for medical expenses is hereby affirmed. All costs of these proceedings, including this appeal, are assessed to defendant.

. At the time of the accident, both Miss Jordan and Miss Fontenot were minors. This action was originally filed by Arnold Jordan, individually and as administrator of the estate of his minor daughter, for damages suffered by his daughter and to recover those medical expenses incurred in her treatment. Miss Jordan subsequently came of age and the pleadings were amended to make her a party plaintiff.