CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court wherein Honorable Floyd W. Newlin dismissed all claims against defendants, Mr. Warren J. Kelly and Rosa Lee Kelly, pursuant to a Motion for Directed Verdict and held for defendant, Stan Weber and Associates, Inc., concluding plaintiff had failed to establish damages by the requisite preponderance of evidence.
Plaintiff, Ricky D. Parr, listed property for sale with Gloria Menge, a real estate agent employed by Stan Weber and Associates, Inc. Plaintiff was asking $59,500. Mr. and Mrs. Warren J. Kelly, acting through their Stan Weber agent Jacqueline *1188 St. Blanc, made a written offer to purchase said property for $59,500. The offer was accepted by plaintiff and on April 28, 1979, an Agreement to Purchase contract was entered into by plaintiff, as seller, and Mr. and Mrs. Kelly, as purchasers. The final act of sale was to be passed on or prior to June 15, 1979. As stipulated by the contract, the purchasers were to pay $20,000 as a cash down payment and finance the $39,-500 balance. Purchasers obtained the necessary financing. However, the June 15th deadline passed without an act of sale taking place. Neither party placed the other in default.
Plaintiff brought suit against Mr. and Mrs. Kelly for actively breaching the contract. Subsequently, plaintiff amended to include as defendant Stan Weber and Associates, Inc., alleging said agency to have breached their brokers’ duty and thus causing petitioner to suffer damages. This action was heard April 22, 1981, and on April 24, 1981, the trial court granted a motion for Directed Verdict dismissing all claims against the defendants, Mr. and Mrs. Kelly. On June 10, 1981, the trial court found that despite a breach of duty by agents of defendant Stan Weber and Associates, Inc., plaintiff failed to establish damages by the requisite preponderance of evidence. Plaintiff appeals both judgments.
On appeal, plaintiff-appellant asserts the trial court erred in granting the Motion for a Directed Verdict when it found defendants, Mr. and Mrs. Kelly, had not actively breached the contract and further found that a failure to place said defendants in default precluded any recovery under the contract. Plaintiff-appellant contends the trial court further erred in finding he had failed to establish his damages against Stan Weber and Associates, Inc. by a preponderance of the evidence.
When an action has been dismissed pursuant to a Motion for Directed Verdict, LSA-C.C.P. art. 1810(B)[1] requires the judge, in a nonjury case, to weigh and evaluate all the evidence presented up to that point and grant a dismissal only where the plaintiff has failed to establish his claim by a preponderance of the evidence. Sevin v. Shape Spa for Health & Beauty, Inc., 384 So.2d 1011 (La.App. 4th Cir.1980). Proof by a preponderance of the evidence simply means when taking the evidence as a whole, the fact or cause sought to be proved is more probable than not. Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971).
Plaintiff-appellant argues the Kellys actively breached the buy/sell agreement when they refused to go through with the act of sale, thereby vitiating the necessity of placing them in default. We do not agree.
Problems began when the appraisal came back at $55,000, $4,500 short of the agreed purchase price. The Kellys testified that they remained willing at all times to go through with the sale at the agreed price. Mr. Kelly testified that his agent, Mrs. St. Blanc, told him .that she hated to see them pay the extra money and that she would get in touch with her agency’s attorney to see what could be done. Mr. Kelly further testified that Mrs. St. Blanc later advised him that they did not have to buy the house at the agreed price because of the appraisal. Mr. Kelly then informed Mrs. St. Blanc to see if she could work out something to get them in the house. The Kellys were then under the impression that the price was being renegotiated and they testified they left matters in the hands of the realtor and waited to be notified of a closing date. The Kellys were never made aware of a closing because neither agent took any steps nor made arrangements to establish a date for closing. The date the act of sale was to occur on or prior to passed with no action *1189 taken. Thus, the agreement expired by its own terms.
In applying the proper standard of review, we find no error in the trial court’s granting a directed verdict. After a review of the record and evidence adduced, we come to the same conclusion that plaintiff failed to establish an active breach by a preponderance of the evidence.
We find, further, no error in the trial court’s refusal to grant plaintiff damages as a result of the breach of duty by defendant Stan Weber and Associates, Inc. We, as reviewing court, may not substitute our own judgment for that of the trier of fact. Instead, we are relegated to the position of determining whether the trier of the case has abused its “great discretion.” Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Plaintiff-appellant alleges the suffered damages included lost revenue from rentals, loss of deposit, humiliation and em-barassment. However, a close inspection of the record revealed no evidence or testimony as to any of the alleged damages. We arrive at the same conclusion reached by the trial judge and find no abuse of discretion.
For the above foregoing reasons, the judgment of the trial court dismissing plaintiff’s action is affirmed.
AFFIRMED.

. Art. 1810(B). “In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”