COVINGTON, Judge.
These are consolidated appeals from judgments dismissing plaintiff’s suits. Plaintiff, Peter J. Vicari, Jr., filed separate suits against the defendants, Linton Melan-con and Robert Adams, seeking payment for the construction of a water line across defendants’ properties. Plaintiff alleged that he had entered into an oral contract with each defendant calling for payment of $6.00 per linear foot for the construction of the water line. The trial court found that plaintiff failed to prove either contract and dismissed his suits.
The evidence, as presented at the trial, consisted of testimony by plaintiff’s employee, Michael Gene Burke, the defendants, and Eldon Breaux, General Manager for the Lafourche Parish Water District Number 1. Mr. Breaux provided the background information concerning the construction of the water line. He testified that where a developer wanted to extend an existing water line to a new development, it was customary for the developer to pay for the construction of the new line. In the present case, plaintiff Vicari wished to extend an existing line to serve property he owned behind defendants’ property. This new line also passed through property of others, who contributed to the cost of construction. Some of these property owners paid into a fund held by the Water District, which, in turn, paid the plaintiff. Some owners paid plaintiff directly. The defendants did not pay anything into the fund held by the Water District or to the plaintiff.
Mr. Burke testified that he spoke to both defendants, but his recollection of what was discussed was vague and indefinite. The defendants, on the other hand, were definite about what they agreed to do. Defendant Melancon stated that he never agreed to pay for the water line, but did give plaintiff permission to cross his property. He further stated that after construction was begun, Burke approached him about paying for the water line, but he told Burke that he did not have the money to pay for it. Melancon did agree to send prospective purchasers of plaintiff’s subdivision lots to Burke as payment for his portion of the cost of the water line. Breaux testified that Melancon has not tapped into and does not receive any water from the line.
On the other hand, defendant Adams consistently maintained that he never agreed to pay anything toward the cost of constructing the water line, because he allowed Burke to construct it on his property without charging for the servitude or right-of-way.
Burke could not remember whether Adams had agreed to pay for the water line; Adams, supported by Melancon’s testimony, testified that he was never asked to pay for construction of the water line. Therefore, there is no testimony in the record that Adams agreed to anything other than permitting the line to be across his property-
The Civil Code regulates the proof of obligations. LSA-C.C. art. 2277 states:
All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed *901 five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value must be proved at least by one credible witness, and other corroborating circumstances.
Although the courts have allowed recovery based on the plaintiff’s testimony and held that such testimony constituted evidence of one credible witness, those cases included evidence of corroborating circumstances. Where there was found to be no corroborating evidence, the plaintiff’s testimony has been held to be insufficient to meet the burden of proof as outlined in LSA-C.C. art. 2277. In the case of Bordlee v. Pat’s Construction Company, Inc., 316 So.2d 16, 17 (La.App. 4th Cir.1975), the court made the following statement:
In all such civil matters plaintiff must carry the burden imposed on him by a preponderance of the evidence. This simply means that viewing the evidence as a whole the existence of a fact is more probable than its nonexistence. Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (Supreme Court 1973); Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971); Hanover Insurance Co. v. Jacobson-Young, Inc., 294 So.2d 564 (La.App. 4th Cir.1974).
We find that the plaintiff has failed to carry his burden of proof in these cases, since he has not presented any corroborating circumstances in support of his contention that the defendants agreed to pay for the installation of the water line. He has only offered the testimony of one witness, which has not been corroborated.
Plaintiff further contends that he is entitled to recover under a theory of unjust enrichment. The criteria for a successful prosecution of an action in unjust enrichment were established by the case of Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967). In addition to the enrichment of the defendant at the expense of the plaintiff, the plaintiff must establish, among other things, that the defendant’s enrichment occurred without legal justification or cause. In this case, the record discloses that the plaintiff constructed the water line across defendants’ property without purchasing a right of way on which to lay the water line, and that the water line could be used to serve plaintiff’s property as well as defendants’. Consequently, the evidence in this case preponderates to the effect that the defendants were not enriched at the plaintiff’s expense. On the contrary, the plaintiff obtained something of value from defendants without payment, and the defendants obtained access to the water line without paying for its construction. Also, the elements of enrichment without legal cause are not present. The proportionate difference in values is not shown by the evidence. The record supports the trial court’s conclusion that neither party was unjustly enriched at the expense of the other.
For the reasons assigned, the judgments of the trial court are affirmed at appellant’s costs.
AFFIRMED.