# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-285


**LANIE FARMS, INC.**

**VERSUS**

**CLECO POWER, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2011-6019, DIVISION "D"
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Candyce G. Perret, Judges.

**AFFIRMED.**

**James Aristide Holmes**
**Nicholas P. Arnold**
**Christovich & Kearney, LLP**
**601 Poydras Street – Suite 2300**
**New Orleans, LA 70130**
**Telephone: (504) 561-5700**
**COUNSEL FOR:**
> **Defendants/Appellees – Cleco Power, LLC, Utility Lines Construction Services, Inc. d/b/a Highlines Construction Company, Inc.**

**Joseph A. Tabb**
**P. O. Box 766**
**Franklin, LA 70538**
**Telephone: (337) 828-0454**
**COUNSEL FOR:**
> **Plaintiff/Appellant – Lanie Farms, Inc.**

**THIBODEAUX, Chief Judge.**

Plaintiff, Lanie Farms, Inc. (Lanie Farms), filed suit against CLECO Power, LLC (CLECO) and Utility Lines Construction Services, Inc. d/b/a Highlines Construction Company, Inc. (Highlines), seeking damages for the economic losses and remediation expenses it incurred as a result of Defendants' construction and installation of new electrical poles and power lines along a servitude that traversed property farmed and leased by Lanie Farms. During trial, Defendants moved for involuntary dismissal. The trial court denied the motion and ultimately ruled in Lanie Farms' favor, awarding $38,000.00 in damages plus interest and costs. Lanie Farms then moved for a new trial on the issue of damages only. After the trial court denied the motion, Lanie Farms filed its appeal to this court, challenging the trial court's general damage award as well as its failure to grant a new trial. CLECO and Highlines answered the appeal, assigning as error the trial court's denial of their motion for involuntary dismissal and its casting Defendants in judgment.

After reviewing the record evidence, we find no manifest error or abuse of discretion in the trial court judgment. We affirm.

I.

**ISSUES**

In its appeal, Lanie Farms asks this court to consider:

(1)    whether or not the court erred in awarding $38,000.00 in general damages;

(2)    whether or not the court erred in not awarding damages for Right of Way Mitigation Efforts in the amount of $63,755.00;

(3)     whether or not the court erred in not awarding damages for <u>Land Leveling</u> in the amount of $36,750.00;

(4)     whether or not the court erred in not awarding damages for Crop Damages, **on** the Right of Way, in the amount of $85,121.00;

(5)     whether or not the court erred in not awarding damages for Crop Damages, **off** the Right of Way, in the amount of $82,608.00;

(6)     whether or not the court erred in not award[ing] damages for <u>Tissue Culture Seed Replacement</u> in the amount of $49,572.00;

(7)     whether or not the court erred in not awarding damages for <u>Soybean Losses</u> in the amount of $252.00; and

(8)     whether or not the court erred in not awarding a new trial?

In their answer, CLECO and Highlines raise two issues:

(1)     the trial court erred in denying their La.Code Civ.P. art. 1672(B) Motion for Involuntary Dismissal; and

(2)     the trial court erred when it cast them in judgment because the sole cause of action Lanie Farms pled in its Petition for Damages was based upon negligence, but it presented no evidence to prove they were negligent.


II.

**FACTS AND PROCEDURAL HISTORY**

Lanie Farms is a sugarcane and soybean farming company owned and operated by Al Lanie. The 1600 acres it farms are leased from Young Industries,

2

Inc., and from Michaela Bourque LaPoint, Cynthia B. Duhon, William C. Burley, Brenda J. Burley, Benjamin F. Burley, and M. F. Burley, III.

In December 2009, Benjamin F. Burley and his wife, Debbie Burley, along with Francis Marion Burley, III, entered into a servitude agreement with CLECO. In March 2010, Young Industries, Inc., entered into an electric power line right-of-way easement with CLECO (the Agreement). Both agreements granted CLECO the right to construct and install new electrical poles and power lines on designated rights-of-way that traversed the land leased and farmed by Lanie Farms.

Prior thereto, in May 2009, CLECO contracted with Ampirical Solutions, LLC to provide general contracting services to construct and install power lines on land around Youngsville, Louisiana, including the property upon which Lanie Farms conducted its farming operations. Thereafter, Ampirical Solutions entered into a subcontract with Highlines to perform the actual work of constructing and installing the new electrical poles and lines along the designated rights-of-way. Highlines conducted its operations on the farmland leased by Lanie Farms from October 2010 until May 2011.

Lanie Farms subsequently filed suit against CLECO and Highlines, seeking damages for the economic losses and remediation expenses it incurred as a result of Defendants' construction operations. In its petition, Lanie Farms alleged Defendants' negligence but also recited the provision in the Agreement whereby CLECO agreed to "pay for any and all damages to property or crops caused [by its] activities."

All parties stipulated that 6.6 acres of plant cane and 1.5 acres of first stubble cane were destroyed within the right-of-way. They also stipulated to the acreage outside the right-of-way—15 acres—that Lanie Farms further claimed were

3

damaged, but the parties did not stipulate as to whether there was damage to those 15 acres or to the cause of any alleged damage.

Prior to trial, CLECO and Highlines filed their motion for declaratory relief, acknowledging the servitude agreements created a stipulation pour autrui in favor of Lanie Farms and requesting a declaration on the proper measure of damages—cost or investment (gross value) versus market (net value), for loss of growing crops. They also sought a declaration that Lanie Farms was not entitled to costs or attorney fees under the agreements. In its opposition to the motion, Lanie Farms stated that its cause of action sounded solely in negligence, not contract. Agreeing with Lanie Farms' classification of its own action, Defendants then withdrew their motion for declaratory judgment.

The matter proceeded to a bench trial, and after Lanie Farms rested its case, CLECO and Highlines moved for involuntary dismissal, arguing that Lanie Farms had failed to prove Defendants' negligence or to establish damages. The trial court denied the motion and ultimately ruled in Plaintiff's favor, awarding $38,000.00 in damages plus interest and costs. In so ruling, the trial court reasoned:

> At any rate, the Court was impressed with the testimony of Mr. Mclean; quite impressive, and the Court will note that during the photographs that there were no damages outside of the right-of-way to the plaintiff's property. The only damage that was done was to the areas where the right-of-way was granted. So at any rate, the Court realizes that Mr. Viator - - Dr. Viator assessed the possible damage, the $346,000.96. I just think that's unreasonable after reviewing the photographs. I didn't see any damage at all, other than to the area of the servitude. Having said that, Dr. - - Mr. Mclean arrived at a figure of $30,827, which I think is - - is way more in line than what Dr. Viator had.

4

Lanie Farms then moved for a new trial solely on the issue of damages, which the trial court denied, reasoning, "The Court does not see where our ruling does not support a fair interpretation of the evidence presented."

On appeal, Lanie Farms now assigns as error the trial court's general damage award and failure to award a new trial. In their answer to the appeal, Defendants assign as error the trial court's denial of their motion for involuntary dismissal as well as trial court's casting them in judgment.

III.

## STANDARD OF REVIEW

In light of the "much discretion" afforded to the judge or jury in the assessment of damages, an appellate court reviews general damage awards under an abuse of discretion standard. La.Civ.Code art. 2324.1; *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1977). "The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion." *Martin v. Heritage Manor S.*, 00-1023, p. 6 (La. 4/3/01), 784 So.2d 627, 632. An appellate court reviews a trial court's determination to grant or deny a motion for involuntary dismissal for manifest error. *Biagas v. St. Landry Parish Sheriff Office*, 13-642 (La.App. 3 Cir. 12/11/13), 132 So.3d 971, *writ denied*, 14-73 (La. 3/14/14), 137 So.3d 15. All findings of fact are likewise subject to manifest error review by this court. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

IV.

## LAW AND DISCUSSION

In *Guillory v. Lee*, 09-75, pp. 14-16 (La. 6/26/09), 16 So.3d 1104, 1117,

our supreme court extrapolated on an appellate court's role in reviewing quantum

determinations:

> The role of an appellate court in reviewing a general damages award, one which may not be fixed with pecuniary exactitude, is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. This court has long held true to the following principle:

>> [b]efore a Court of Appeal can disturb an award made by a [factfinder,] the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.

> *Wainwright*, 00-0492, p. 6, 774 So.2d at 74 (quoting *Coco v. Winston Indus., Inc.*, 341 So.2d 332, 334 (La.1977) (internal citations omitted)). *See also Miller v. LAMMICO*, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711 (stating that an appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion and citing *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993)); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993); *Reck v. Stevens*, 373 So.2d 498, 501 (La.1979). Furthermore, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* (citing *Arceneaux v. Domingue*, 365 So. 2d 1330, 1333 (La.1978) and *Watson v. State Farm Fire & Casualty Ins. Co.*, 469 So.2d 967 (La.1985)).

6

> Moreover, on review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *Perkins*, 782 So.2d at 612 (citing *Ambrose v. New Orleans Police Department Ambulance Service*, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221). Reasonable persons frequently disagree about the measure of damages in a particular case. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Youn*, 623 So.2d at 1261.

In calculating its award, this court has also acknowledged, "the trial court has broad discretion in selecting a method of calculating damages to crops." *Fenetz v. Stine*, 407 So.2d 1381, 1384 (La.App. 3 Cir. 1981).

Lanie Farms argues to this court that it is clearly entitled to $336,427.00 in total damages, and, therefore, the trial court was clearly wrong in awarding only $38,000.00 in general damages. In support of its position, Lanie Farms cites the report and testimony of its expert, Dr. Calvin Viator, who was tendered and accepted as "an expert in the field of agronomy, sugarcane, economics, and basic cane operations." Dr. Viator itemized Lanie Farms' damages as follows: (1) $63,755.00 for right-of-way mitigation efforts; (2) $36,750.00 for land leveling; (3) $85,121.00 for crop damages on the right-of-way; (4) $82,608.00 for crop damages off the right-of-way; (5) $49,572.00 for tissue culture seed replacement; and (6) $252.00 for soybean losses.

However, Defendants' expert, Mr. Paul Mclean, disputed those valuations as well as the measure of damages employed in their calculation. Mr. Mclean, who was tendered and accepted as an expert in land management and business operations, crop damage evaluation, land damage evaluation, restoration

activities at the surface operations, and right-of-way practices, opined that Lanie Farms' damages totaled $30,000.00.

Though much is made by the parties regarding the proper measure of damages, *i.e.*, either gross value or net value, the record evidence demonstrates that while gross value may very well be the "standard" method for calculation in pre-construction settlement negotiations or in leases, this case was not the standard case, nor was the measure of damages contractually agreed to by the parties.[1] Moreover, in the present case, the expert evidence revealed that the net value, which includes the expenses incurred in farming and marketing the cane, was actually a better depiction of the losses sustained; whereas the gross value, which discounted expenses and cost, would amount to a windfall recovery.

What resulted was a conflict in expert testimony, which the trial court resolved in favor of Defendants' expert. There were two equally plausible evaluations of the extent of damages and the method for valuation of those damages. While Lanie Farms recites for this court the testimony and report of its expert and its witnesses, it fails to recite evidence which either discredited the testimony provided by Defendants' expert or demonstrated how his testimony was so internally inconsistent as to render it implausible on its face. Given the much discretion afforded the trial court in assessing and calculating damages and Mr. Mclean's testimony, we cannot say that the trial court abused its vast discretion.

---

[1] The following cases have been recited to this court wherein the various parties, pursuant to the "industry standard," contractually agreed to a gross valuation for crop loss: *Campesi v. Margaret Plantation*, 417 So.2d 1265 (La.App. 1 Cir.), *writ denied*, 422 So.2d 163 (La.1982) (pre-job lease agreement); *Michigan Wisconsin Pipe Line Co. v. Walet*, 225 So.2d 76 (La.App. 3 Cir.), *writ refused*, 254 So.2d 835 (La.1969) (lease agreement); *Landry v. Columbia Gulf Transmission Co.*, 148 So.2d 398 (La.App. 1 Cir. 1962) (pre-job agreement).

Having found the general damage award was reasonable, we likewise find no abuse of discretion in the trial court's ruling on Lanie Farms' motion for new trial as the trial court's award was clearly not, as Plaintiff alleged, "contrary to the law and the evidence." La.Code Civ.P. art. 1972.

### *Motion for Involuntary Dismissal*

A trial court possesses much discretion in determining whether to grant or deny a motion for involuntary dismissal. *Mott v. Babin Motors, Inc.*, 451 So.2d 632 (La.App. 3 Cir. 1984). When such a motion is made, the court must evaluate all of the evidence that has been presented and grant the motion if the plaintiff has failed to establish his case by a preponderance of the evidence. La.Code Civ.P. art. 1672(B); *Crowell v. City of Alexandria*, 558 So.2d 216 (La.1990). Thus, a motion for an involuntary dismissal should be denied if the evidence, taken as a whole, indicates that "the fact or cause sought to be proved is more probable than not." *Marcotte v. Travelers Ins., Co.*, 258 La. 989, 994, 249 So.2d 105, 107 (1971).

CLECO and Highlines argue that the trial court manifestly erred in failing to grant their motion for involuntary dismissal because Lanie Farms only pled a negligence action in its petition for damages, but failed to prove any negligent act that caused its damage. While the record does show that Lanie Farms did not present evidence as to Defendants' negligence, Lanie Farms did submit into evidence the servitude agreements that obligated CLECO to pay for any damages resulting from its construction activities. The Agreement specifically provided:

> Grantee shall pay for any and all damages to property or crops caused as a result of Grantee's activities and, upon completion of the work, Grantee agrees to restore the surface of the ground and any roads on the land used by Grantee, as nearly as is reasonably practicable to

as good a condition as exists at the time of commencement
of the work, at Grantee's sole cost and expense.

Moreover, in its petition, Lanie Farms recited verbatim this contractual provision, which was sufficient enough notice to prompt Defendants' filing of their motion for declaratory judgment wherein they conceded that Lanie Farms was a third-party beneficiary of the agreements and was entitled to damages resulting from their construction activities. Simply because Lanie Farms, in its opposition to that motion, argued its petition did not sound in contract does not render it so. By contractual agreement, CLECO obligated itself to pay for any and all damages resulting from its construction activities. The parties stipulated to the acres of plant cane and first stubble destroyed by Defendants' activities. Therefore, although Lanie Farms did not present evidence of negligence, the agreement along with the parties' stipulations, the witnesses' testimony, and evidence submitted into the record were sufficient to carry Plaintiffs' burden to withstand a motion for involuntary dismissal at the close of its case. Accordingly, we find no manifest error in the trial court's ruling denying the motion for involuntary dismissal.

As to Defendants' argument that the trial court erred in casting them in judgment, the evidence at trial clearly established that CLECO agreed to "pay for any and all damages to property or crops" resulting from its construction activities. This agreement by its very language "stipulate[d] a benefit for a third person"—in this case the lessee whose crops were destroyed by Defendants' activities for which damage CLECO contractually agreed to pay. La.Civ.Code art. 1978. As the lessee of the property, shown through the admission of the leases, Lanie Farms was entitled to "any and all damages to property or crops caused by" Defendants' activities. Again, the stipulation of the parties to the acreage destroyed as well as the expert

10

testimony and evidence, coupled with the agreements, established by a preponderance of the evidence that Defendants were obligated to pay Lanie Farms for the damages it sustained. Therefore, we find that the trial court did not manifestly err in casting CLECO and Highlines in judgment.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to CLECO and Highlines.

**AFFIRMED.**