DOUCET, Judge.
This is an “orphaned cattle” case. The action arises out of a collision between a 1978 Superior Motor Home owned and operated by Walter Stubb, Jr. and a herd of cattle allegedly owned by Julian W. Thompson, Jr. From an adverse judgment plaintiff appeals. We reverse.
*377 The collision occurred approximately 12:30 A.M. on April 8, 1981 on La. Hwy. 28 approximately 20 miles east of Pineville, La. As a result of the collision the motor-home owned by Mr. Stubb was damaged in excess of $7,134.44. Mr. Stubb made a claim for damages to State Farm which paid the claim and became legally subrogat-ed to the right of Mr. Stubb.
Suit was filed by State Farm against Julian W. Thompson alleging Mr. Thompson was the owner of the cattle involved in the accident and at fault for allowing his cattle to roam upon a public highway designated as a closed range area pursuant to La.R.S. 3:2803 [1]. By supplementary amending petition, plaintiff alleged defendant was strictly liable.
After trial on the merits the trial court rendered judgment in favor of defendant and dismissed plaintiff’s demand. From that judgment plaintiff appeals, assigning as error that the trial court manifestly erred in ruling that plaintiff failed to prove that Julian W. Thompson is in any fashion responsible for the accident sued on.
At the time of the collision there were 7-9 cows lined up across the road. The collision between the motorhome and the cows resulted in extensive damage to the motorhome and death to two of the cows. The defendant admitted thát he runs cattle on public lands adjacent to Highway 28 with his father, Mr. J.W. Thompson, Sr., with whom he owns the cattle jointly. State Trooper Ronald Lewis testified that he was called to the scene of the accident at approximately 12:30 A.M. He saw the cattle on the road in the proximity of the mobile home. Trooper Lewis contacted headquarters in Alexandria which dispatched Stock Patrol Officer Hans Wright. Wright observed the cattle still on the road. Wright caught one of the cows that was alive and loose and carried it to Mr. Julien Thompson’s house on Highway 28 East. He stated that when he took the cow to Mr. Thompson, Mr. Thompson said the cow was his. Mr. Thompson redeemed the cow by paying a fine and signing the stock release form. This receipt was entered into evidence and identified as P-3. Mr. Wright further testified that Mr. Thompson then went to the scene of the accident and removed the dead cattle off the highway. Furthermore, Mr. Thompson admitted that previously cattle had gotten out on to the highway through a gate and admitted that he had taken no efforts to correct the reoc-currence of such an event.
The ownership of cattle involved in an accident may be proved by circumstantial evidence. Bunkie Funeral Home, Inc. v. McNutt, 414 So.2d 1263 (La.App. 3rd Cir.1982); Motors Ins. Corp. v. Melder, 336 So.2d 954 (La.App. 3rd Cir.1976); Young v. Sentry Ins. Co., 315 So.2d 93 (La.App. 3rd Cir.1975). In closed range areas the burden is on the owner of livestock to prove that he did not knowingly, willingly, or negligently allow his livestock to roam upon the highway. Young v. Sentry Ins. Co., supra; Schexnider v. Allstate Ins. Co., 304 So.2d 825 (La.App. 3rd Cir.1974) writ refused 307 So.2d 639 (La.1975); Gabbard v. Areno, 302 So.2d 45 (La.App. 3rd Cir.1975). We recognize that great weight is to be afforded the trial judge’s findings of fact. However, from our review of the record, the trial court was clearly wrong in failing to hold the defendant liable. Plaintiff established a prima facie case; defendant failed to rebut same, stating only that he didn’t think the cattle were from “anywhere around there” but that they “came from somewhere”. The evidence adduced excluded, with a fair amount of certainty, every reasonable hypothesis but that Thompson owned the cattle.
Accordingly, for the above and foregoing reasons, the judgment of the trial court is hereby reversed and judgment is rendered in favor of plaintiff in the sum of $7,134.44. Appellee is cast with all costs.
REVERSED AND RENDERED.

. La.R.S. 3:2803 prohibits the owner of livestock from “knowingly, willfully, or negligently” permitting livestock to roam at large on certain highways. Highway 28 is one of the enumerated highways.