MARVIN, Judge.
In this personal injury action, plaintiffs appeal a judgment which directed a verdict in favor of defendants. We affirm. CCP Art. 1810.
The basic facts are undisputed. In their family automobile, plaintiffs were traveling west on U.S. Highway 84 about 6:15 p.m. on November 15, 1981, when they saw several cows on the right of way near the highway. After plaintiffs traveled one mile further another cow ran into the path of their vehicle while it was going approximately 40 mph. Plaintiffs sued for damages.
*115 Plaintiffs alleged that defendant was the owner of the cow and was negligent in allowing the cow to be at large on the highway in violation of LRS 3:2803. After the trial court heard plaintiffs’ evidence, the court found that the plaintiffs failed to prove that defendant owned the cow and granted the directed verdict. Plaintiffs’ motion for a new trial was later denied by the trial court. Plaintiffs contend they should have been entitled to a new trial.
The central issue is whether plaintiffs proved defendant’s ownership of the cow. Where a cow causes an injury in a collision with an automobile courts will presume negligence of the owner of the livestock. This presumption must be rebutted by the owner in order to escape liability. Young v. Sentry Insurance Company, 315 So.2d 93 (La.App. 3d Cir.1975). Plaintiff, however, has the burden of proving defendant’s ownership of the livestock to invoke the presumption against him. Motors Insurance Corporation v. Melder, 336 So.2d 954 (La.App. 3d Cir.1976). Ownership of livestock may be proved by circumstantial evidence alone if such evidence excludes all other reasonable hypotheses with a fair amount of certainty. Melder, supra; Bunkie Funeral Home, Inc. v. McNutt, 414 So.2d 1263 (La.App. 3d Cir.1982).
On cross-examination defendant testified that he lives on the south edge of about 180 acres of land located about four miles north of Highway 84, which he had donated to his children when his wife died. He and his children owned about 60 head of cattle that were pastured near his home at the time of the accident.
The plaintiffs introduced certified copies of the stock marks and brands which had been recorded in the Winn Parish clerk’s office in defendant’s name. The first of these was recorded in 1940 and was can-celled in 1979. The second was recorded in 1979 and was cancelled in November 1981, and described the mark as a “crop off right ear, underslope in left ear.”
The state trooper who investigated the accident testified that when he arrived at the scene he found plaintiffs’ vehicle, which had sustained extensive damage, parked on the shoulder of the highway, and the cow about 75 or 80 feet away in the ditch. The plaintiffs did not complain of injury to the trooper and had no visible injuries. The trooper, when testifying, was allowed to refer to a copy of the accident report which he had prepared on the night of the accident. He said that he examined the cow but that he did not get “right up to her and check her, No sir.” He said that the cow had no brands but had “what they call a crop on the right ear with a underslope on the bottom portion ... on that same ear.” Photographs of the cow with a closeup of the ears which were taken and the ears, which had been severed from the cow, were filed with the troop headquarters, but neither the photos nor the ears were introduced at the trial. Plaintiffs had subpoenaed these items from the State Police but that agency apparently did not comply with the subpoena.
On direct examination, the plaintiffs’ counsel attempted to point up a discrepancy between the trooper’s testimony regarding the markings on the cow’s ears and the description of the ears contained in • the trooper’s accident report. The trial judge sustained an objection to the line of questioning as being repetitive and noted that “he was looking at the report when he answered it.” On cross-examination the trooper testified that he could not remember what color the cow was and did not get close enough to determine the sex of the animal. When asked if he knew what a split in an ear looks like, he answered “No, sir. In fact, let me back up on these markings which I described in this report. They were written on there as identified by a member of our Stock Patrol which was also there that night ... I wouldn’t know a crop from an upperslope or anything else ... that particular explanation is as told to me by the stock patrolman there that night.”
On redirect the trooper testified that “I observed the cow and I observed the markings, but as far as how to explain them and what the terms were as far as livestock *116 goes, that was told to me by the livestock officer ... his terms and what I saw appeared to be the same.” Plaintiff’s attorney then sought to introduce the accident report into evidence which was objected to by the defendant as containing hearsay. The court sustained the objection to . the admissibility of the report, stating that “the witness testified,” but allowed the report in the record as a proffer by plaintiffs.
Plaintiffs contend that the accident report should be admissible as past recollection recorded. There are four elements to be considered in determining the admissibility of a past recollection recorded. They are that (1) the witness must have had firsthand knowledge of the event, (2) the recordation must have been made at or near the time of the event while the witness had a clear and accurate memory of it, (3) the witness must lack a present recollection of the event, and (4), the witness must vouch for the accuracy of the report. McCormick, Evidence, 2d Edition, p. 712. Although the trooper testified that he had observed the cow and that the description told to him by. the stock patrolman appeared to be the same as what he observed, he clearly explained that he could not vouch for the accuracy of the descriptions contained in his report because he was not conversant with the terms of livestock marking, either at the time of the accident or at the time of the trial. The trial court correctly excluded the accident report from the evidence.
Even should we find that the accident report was admissible, the report itself does not prove defendant’s ownership of the cow. Defendant’s recorded stock mark was an “under slope in the left ear” and the trooper’s report described the mark as “upper slope on lower portion of left ear.” These are not identical descriptions.
Under these circumstances we find that the trial court correctly found that plaintiffs failed to establish defendant’s ownership of the cow involved in the collision and correctly sustained the motion for directed verdict.
The motion for new trial was made on the grounds that it would serve the ends of justice as allowed by CCP Art. 1973. This article allows the trial judge to grant a new trial at his discretion if he finds good ground therefor. At the hearing on the new trial motion, the trooper was called in order to allow him to “correct” his testimony concerning the ear marks. The trial court sustained defendant’s objection to the plaintiffs impeaching their own witness and denied the motion for a new trial. Plaintiffs also sought to introduce photographs of the ears of the cow at the hearing on the motion. The trial judge is afforded much discretion in granting or denying a motion for a new trial under CCP Art. 1973. Plaintiffs’ failure to insist on compliance with their subpoena for the state police photographs would defeat a motion for a new trial filed under the mandatory grounds of CCP Art. 1972. Compare and see Skipworth v. McElroy Metal Mill, Inc., 353 So.2d 1069 (La.App. 2d Cir.1977). We find no abuse of discretion afforded the trial court under CCP Art. 1973. Shows v. Williamson, 256 So.2d 688 (La.App. 2d Cir.1972).
At appellant’s cost the judgment appealed is
AFFIRMED.
SEXTON, J., dissents and assigns written reasons.