DIXON, Chief Justice
(dissenting).
I respectfully dissent.
In the early evening hours of November 15, 1981, plaintiffs Marshall W. Anderson and Louise G. Anderson were driving in a westerly direction on U.S. Highway 84 just outside of Winnfield when the 1979 Ford LTD in which they were riding struck a cow allegedly belonging to defendant W.A. McCarty. According to the testimony of Mr. Anderson the cow ran onto the roadway from the left shoulder and proceeded into the path of the automobile. As a result of the collision, the automobile sustained severe damage to the front end and, according to the petition, Mr. Anderson suffered an acute lumbo sacral strain.
Plaintiffs sued defendant for the damage to their property and for personal injuries. Liability was predicated on defendant’s alleged breach of R.S. 3:2803 [1] and of Civil Code Arts. 2315, 16, 17 and 21. At trial, defense counsel moved for a directed verdict at the close of plaintiffs’ case. The defense argued that plaintiffs failed to prove that Mr. McCarty was the owner of the wandering cow. The trial court granted defendant’s motion and denied plaintiffs’ subsequent motion for a new trial. Plaintiffs unsuccessfully appealed both adverse rulings (Anderson v. McCarty, 445 So.2d 113 (La.App.1984)), and we granted writs (449 So.2d 1352 (La.1984)).
The central issue on appeal is whether a directed verdict was proper, given the evidence adduced from plaintiffs’ case. In a case tried before a judge, a directed verdict should be granted only where the plaintiff has shown no right to relief at the close of *636 his case.[2] The plaintiff must establish his claim by a preponderance of the evidence. “Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not.” Prestenbach v. Sentry Insurance Co., 340 So.2d 1331, 1334 (La.1976); Marcotte v. The Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971).
At the close of plaintiffs’ case in the instant matter, the following evidence had been elicited.
The defendant admitted on cross-examination that he had been a cattleman for a number of years and owned approximately eighty head of cattle at the time of the accident. He also testified that although he did not own the land adjacent to the site of the accident, the owner of the land did in fact allow him to graze his cattle on the land.
Plaintiffs also called Trooper Donald Cotton of the Louisiana State Police. Trooper Cotton investigated the accident and prepared a written accident report. The key portion of his trial testimony related to his observations of certain markings on the cow’s ears. Defendant’s stock mark was registered in the office of the Clerk of Court for Winn Parish as “crop off right ear — underslope in left ear.” Defendant denied that he had registered such a marking.[3] Trooper Cotton testified on direct examination that he observed “what they call a crop on the right ear with a under-slope on the bottom portion ... [of] that same ear.” This testimony was at variance with the accident report wherein Trooper Cotton described the markings as “crop on right ear and an upperslope on lower portion of left ear.” (Emphasis added).
It was at this point that plaintiffs’ troubles arose. Plaintiffs’ counsel gingerly tried to point out to Trooper Cotton that his testimony contradicted his accident report. Defense counsel launched a barrage of objections. The trial court sustained an objection to the line of questioning as being repetitious, and plaintiffs’ counsel was forced to go forward.
Plaintiffs’ counsel then tried to introduce the accident report as substantive evidence, countering defendant’s hearsay objection with the contention that the past recollection recorded exception to the hearsay rule was applicable. The trial judge refused to admit the report, whereupon plaintiffs rested.
Plaintiffs chief argument to this court is that the lower courts erred in holding the accident report inadmissible.
The trial court sustained the hearsay objection, giving no reasons. The court of appeal ruled that the report was inadmissible since Trooper Cotton could not vouch for the accuracy of the descriptive terms used in the report. Apparently, Trooper Cotton, being unfamiliar with stockman’s terminology, had used descriptive terms given to him by an officer of the stock patrol who was also present at the scene of the accident. Therefore, although Trooper Cotton had personally observed the markings, the statement in the report was in fact the statement of the stock patrolman as recorded by Trooper Cotton.
Plaintiffs contend that if the report had been admitted, there would have been sufficient evidence to establish ownership of the cow in the defendant.
It is not necessary to rule on the admissibility of the accident report, for even if the *637 report had been admitted, plaintiffs would not have presented sufficient evidence to prove ownership of the cow.
Revised Statutes 3:731 et seq. created the Livestock Brand Commission and provides a central registry for the recordation of livestock brands and markings. R.S. 3:743 states that “in all suits, ... wherein the title to animals is at issue, ...” a certified copy of a brand or mark “shall be prima facie evidence of the ownership of the animal by the person whose brand or mark it may be.”
Plaintiffs, however, produced no such evidence of recordation at trial. The recordation plaintiffs relied upon was a “brand book” provided by the Winn Parish Clerk of Court as a convenience to members of that parish. We have found no authority that the recordation in a “brand book” gives rise to any presumption of ownership.
Mr. and Mrs. Anderson argue that ownership can be proved by circumstantial evidence, citing Bunkie Funeral Home, Inc. v. McNutt, 414 So.2d 1263 (La.App.1982). However, plaintiffs’ evidence does not prove defendant’s ownership of the cow by a preponderance of the evidence.
There is no evidence, for example, whether defendant was the only cattleman whose cattle grazed near the accident site. As mentioned previously, defendant was not the owner of the land adjacent to the accident site but was allowed by the owner to graze his cattle on the land. There is no evidence that other cattle owners did not have similar privileges.
The evidence regarding the markings on the cow’s ears is also unclear. Not only were photographs taken of the cow’s ears, the ears themselves were amputated and retained by the state police. Plowever, the ears were lost at troop headquarters, and Trooper Cotton neglected to bring the photographs to the trial in spite of a subpoena duces tecum ordering him to do so. Plaintiffs’ counsel did not force compliance with his subpoena; the photographs were therefore never introduced into evidence. Further, the stock patrolman whose observations were recorded in the accident report was not even called to testify in support of plaintiffs’ case.
Plaintiffs’ final argument is that their motion for a new trial under C.C.P. 1973 should have been granted.
“A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” C.C.P. 1973.
A new trial should be granted “when the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice.” Lamb v. Lamb, 430 So.2d 51, 53 (La.1983). The trial judge is given a broad grant of authority, and his ruling should not be disturbed absent a clear abuse of his discretion. There is no such abuse in the case before us.
Accordingly, I dissent from the majority opinion, believing the rulings of the lower courts should be affirmed.

. "No person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large upon the following public highways of the state: ... (10). US 84 Jet. US 71, at Clarence, to Jct.US 65 at Ferriday.” R.S. 3:2803.

. "B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence." C.C.P. 1672(B), formerly Art. 1810(B).

. The Winn Parish Registry shows that the marking was registered by Howard A. McCarty, defendant’s son whom the defendant admitted assisted him with his cattle. The marking presumably registered to defendant, but canceled after the accident, was “split in left ear, under-slope in right ear."