FRED W. JONES, Jr., Judge.
Plaintiffs sued the alleged owner of a cow for damages sustained when their car struck the cow on a highway in Winn Parish. Defendant denied ownership of the cow. Following presentation of plaintiffs’ case, the trial judge granted a directed verdict in favor of defendant. Upon appeal, we affirmed. See 445 So.2d 113. The state supreme court reversed and remanded the case to the trial court for resumption of the trial. 462 So.2d 630.
After conclusion of the trial in the district court, judgment was again granted in favor of defendant. Plaintiffs appealed. For the reasons set forth, we reverse and render judgment in favor of plaintiffs.
*326 Since the facts of this case have been detailed in the cited opinions, we repeat here only the portions relevant to this opinion. In November 1981 Marshall Anderson and his wife, Louise Anderson, were riding in a car titled to and driven by the wife on U.S. Hwy. 84 in Winn Parish. A cow ran onto the highway and was struck by the Anderson vehicle. This litigation ensued, with plaintiffs alleging the cow was owned by W.A. McCarty, who negligently allowed it to roam at large in violation of La.R.S. 3:2803, the closed range law.
When the case came to trial, plaintiffs called defendant to testify on cross-examination. Defendant conceded that he and his children owned some 60 head of cattle pastured in the general vicinity of the area where the accident occurred. Plaintiffs introduced an entry from the parish brand book, signed by Howard A. McCarty (defendant’s son) in July 1979, identifying the stock mark for the cattle of defendant to be “Crop off Right Ear — Underslope in Left Ear.”
Trooper Cotton, who investigated the accident, testified that the cow’s markings consisted of a crop on the right ear with an underslope on the bottom portion. The accident report (deemed inadmissible by the trial judge but in the record by proffer) described a cow with a crop on the right ear and an upper slope on the lower portion of the left ear.
After presentation of plaintiffs’ case, the trial judge concluded plaintiffs had failed to prove ownership of the cow by defendant and granted a directed verdict in his favor. We affirmed, finding that even if admissible, the accident report did not prove defendant’s ownership of the cow because the recorded stock mark was an “under slope in the left ear” but the report described it as “upper slope on lower portion of left ear.
In reversing, our state supreme court ruled that the accident report should have been admitted into evidence as a past recollection recorded exception to the hearsay rule. Furthermore, in a footnote the court observed:
“There is little difference between the brand book description of an ‘under slope in left ear’ and the accident report description of an ‘upper slope on lower portion of left ear.’ ”
When the trial judge resumed on remand, plaintiffs presented additional testimony of Trooper Cotton. The latter explained that he had corrected the accident report from his notes to read “crop off the right ear and underslope off the left ear.” The officer also identified pictures of the cow he had taken on the night of the accident.
Also called to testify was Trooper Barber, the stock patrolman, who described the cow as having a crop off the right ear and an underslope in the left ear. Barber said that he had caught cattle with this brand before and defendant and his grandson Randy claimed them. Furthermore, the witness testified that several months after the accident he returned a bull with this kind of marking to defendant who admitted at that time ownership of the cow involved in the accident.
The defendant again denied that the cow was his and also denied that he had authorized his son to record the brand book marking in 1979. He also said he had told Trooper Barber that the cow was not his. Defendant claimed that the mark recorded in 1979 belonged to his sister, whose cattle had been purchased by defendant’s son (also W.A. McCarty) prior to his death. Defendant’s position was supported by the testimony of his son, Howard A. McCarty, and grandson, Gary Taylor. However, Howard A. McCarty never denied that he had recorded the stock mark in 1979 on behalf of his father, the defendant.
In written reasons for ruling, the trial judge again found that plaintiffs had failed to prove defendant owned the cow involved in the accident, noting that there was no evidence introduced 1) about matching marks on other cows (apparently overlooking Trooper Barber’s testimony on this); 2) that defendant was grazing cows on open range; 3) that defendant had downed fences or open gates; or 4) defendant’s *327 stock had decreased because of the accident.
Further, without giving a reason, the trial judge said he did not accept the testimony of the trooper concerning admission of ownership of the cow by defendant.
It is axiomatic that we are not to disturb the factual findings of the trial court in the absence of manifest error. We are, however, under a duty to determine if the finder of fact was justified in his conclusions. We are not required to simply ratify the trier of fact’s refusal to accept as credible “greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles.” Mart v. Hill, 505 So.2d 1120 (La.1987).
In this case the trial judge simply dismissed without reason the testimony of the stock patrolman that defendant had admitted ownership of the cow involved in the accident. This was error. Consequently, the following facts were established:
1) The cow involved in the accident was marked by a crop off the right ear and an underslope in the left ear.
2) That brand had been recorded in the parish courthouse brand book in 1979 on behalf of defendant by his son. The son did not deny he had made this entry for defendant.
3) Defendant had claimed cattle with the same brand caught by the stock patrolman on previous occasions.
4) Defendant had cattle grazing in the general area of the accident.
5) The defendant admitted to the stock patrolman that the cow involved in the accident belonged to him.
Under these circumstances we conclude that the trial judge was clearly wrong in his determination that defendant was not proved to be the owner of the cow. To the contrary, we find that plaintiffs proved by a preponderance of the evidence that defendant was the owner of the cow involved in the accident.
Where a cow causes damages in a collision with an automobile courts will presume negligence of the owner of the livestock. To escape liability the owner must rebut this presumption. The owner must prove that he has taken every precaution expected of a reasonably prudent individual to prevent the livestock from leaving their confines and roaming at large. Young v. Sentry Ins. Co., 315 So.2d 93 (La.App. 3rd Cir.1975); Primeaux v. Kinney, 256 So.2d 140 (La.App. 3rd Cir.1971); Fortenberry v. McCoy, 233 So.2d 320 (La.App. 3rd Cir. 1970), writ denied, 256 La. 252, 236 So.2d 31 (1970).
In this case the defendant offered no evidence to rebut his presumption of negligence. Therefore, he is liable for the damages sustained by plaintiffs.
As a result of the accident the 73 year old Marshall Anderson suffered an acute lumbosacral strain superimposed on a disc disease. He was seen by his doctor on November 21, November 23 and November 27. The doctor prescribed heat therapy and medications. Medical expenses amounted to $104. We find that this plaintiff is entitled to $2,000 for his personal injury.
The Anderson car, titled to the wife, was damaged in the amount of $2,045.77. The wife is entitled to judgment in this amount. The argument on appeal that she is also entitled to an award for loss of consortium is without merit. This was not specially pled, even if a valid claim. La.C.C.P. Art. 861.
For the reasons set forth, the judgment of the trial court is reversed. There is judgment in favor of plaintiff, Marshall Anderson, and against the defendant W.A. McCarty, for $2,000, with legal interest from judicial demand until paid. There is judgment in favor of plaintiff, Louise Anderson, and against the defendant, W.A. McCarty, for $2,045.77, with legal interest from judicial demand until paid. Defendant is cast for all court costs, both in the trial court and on appeal.